(79 Misc. Rep. 425.)

BINSWANGER v. HEWITT et al.

(Supreme Court, Appellate Term, First Department.   February 18, 1913.)

1. JUDGMENT (§ 849*)—ASSIGNMENTS—BREACH OF WARRANTY—EVIDENCE.
    In an action for breach of warranty that the judgment assigned to
plaintiff was unpaid, an order entered in the debtor's bankruptcy pro-
ceedings disallowing plaintiff's claim on the judgment on the ground
that it had been paid before adjudication was admissible, not as an
adjudication binding on the parties to the litigation that the judgment
had in fact been paid, but to show that it had been disallowed in the
bankruptcy proceedings as a claim against the estate.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1559–1561,
1563; Dec. Dig. § 849.*]

2. ASSIGNMENTS (§ 72*)—"WITHOUT RECOURSE"—EFFECT.
    The words "without recourse," accompanying the indorsement of a
negotiable instrument, mean that the indorser will not be liable for pay-
ment in case of dishonor; he being still liable only on an implied war-
ranty that the instrument is genuine, and in all respects what it pur-
ports to be, that he had good title, that all prior parties had capacity
to contract, and that he had no knowledge of any fact which would
impair the validity of the instrument or render it valueless, but such
words attached to an assignment of a chose in action have no such
effect, nor have they any defined legal meaning, but must be given such
meaning as the parties intended, which must be determined as a ques-
tion of fact from all the surrounding circumstances to be proved by
parol.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 131, 132;
Dec. Dig. § 72.*
    For other definitions, see Words and Phrases, vol. 8, pp. 7509–7511.]

3. JUDGMENT (§ 849*)—ASSIGNMENTS—IMPLIED WARRANTY.
    On the assignment of a judgment, there is an implied warranty that
the obligation or claim is an existing valid one, that the assignor has
title thereto which he may transfer, and that the amount of money
it calls for is owing and unpaid, or at least that it has never been paid
or satisfied by the acts of the assignor.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1559–1561,
1563; Dec. Dig. § 849.*]

4. JUDGMENT (§ 875*)—PAYMENT TO RECEIVER—APPLICATION.
    Where a receiver was appointed in proceedings to collect a judgment
and received $500, only the remainder, after paying the receiver's ex-
penses, was applicable as payment on the judgment.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1645; Dec.
Dig. § 875.*]

5. JUDGMENT (§ 849*)—ASSIGNMENT—PAYMENTS.
    In an action for breach of warranty that a judgment assigned to
plaintiff "without recourse" had not been paid, it appearing that $300
had been agreed on as the price of the assignment which had been re-
ceived, not from plaintiff, but from H., who was the mother-in-law of
the judgment debtor, a question asked of a witness who obtained the
money "from whom he obtained the same," was admissible to show that
H. was the real party who was buying the judgment, which would have
a direct bearing on the intention of the parties in the use of the word
"without recourse."
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1559–1561,
1563; Dec. Dig. § 849.*]

6. JUDGMENT (§ 877*)—ASSIGNMENT—BREACH OF WARRANTY.
 In an action for breach of warranty that an assigned judgment was unpaid, the burden was on plaintiff to show that a particular payment alleged was properly applicable in reduction of the judgment.
 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1646, 1647; Dec. Dig. § 877.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henry Binswanger against Edward G. Hewitt and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Parsons, Closson & McIlvaine, of New York City (Albert S. Wright, of New York City, of counsel), for appellants.

Abraham M. Pariser, of New York City, for respondent.

PAGE, J. This action was brought to recover the sum of $300 paid by the respondent to the appellants on or about February 15, 1907, as consideration for the assignment of a judgment upon the ground that the appellants warranted at the time of the assignment that the judgment was still wholly unpaid and still wholly unsatisfied, and that the full amount was still due and owing upon the same, and that the same was a good and valid judgment; but that, in fact, the judgment had been prior to that time paid. The judgment, which was for $619.73, was recovered by the appellants against Herman W. Hoefer in the City Court of the city of New York on November 9, 1903, upon a charge of fraud.

The judgment roll in that action was not offered in evidence upon this trial, but it appears from the testimony that the appellants sold certain goods, wares, and merchandise to Hoefer, Menkin & Boeck Company, a corporation, relying upon statements and representations made to them by the said Hoefer as to its solvency and responsibility. Within a few days after the goods were delivered, the corporation made a voluntary assignment. The action was then brought which resulted in the judgment. Subsequently the receiver appointed in supplementary proceedings upon said judgment brought an action against Hoefer, his wife, Elizabeth Hoefer, and his mother-in-law, Maria Hackman, to set aside certain conveyances of real estate which it was alleged Hoefer had made to Maria Hackman to defraud his creditors. Mrs. Hackman paid to the receiver $500, and the action was discontinued as to her. Hoefer was adjudged a bankrupt, whether in voluntary or involuntary proceedings does not appear, nor does it appear whether the proceedings were instituted prior or subsequent to the assignment of the judgment. On February 26, 1907, within 11 days after the assignment of the judgment, the respondent filed his claim with the referee.

[1] Thereafter proceedings were instituted by the trustee in bankruptcy before the referee and an order resulted dated May 11, 1908,

disallowing the respondent's claim for the sum of $619.73, and expunging it from the trustee's and receiver's records upon the ground that it had been paid and satisfied before the adjudication in bankruptcy. The appellants urge that the receipt in evidence of this order over the objection and exception was error. It was not offered or received as evidence of an adjudication that would be binding upon the parties to this litigation that the judgment had in fact been paid, but solely as evidence of the fact that the claim had been rejected and disallowed in the bankruptcy proceedings. Upon this theory it was properly received in evidence. The respondent claims that the judgment had been paid by the payment of the $500 by Mrs. Hackman herein before stated, and by the payment of two dividends from the insolvent corporation of Hoefer, Menkin & Boeck Company, one on June 24, 1903, of $118.42, and another on March 27, 1905, of $42.63, all of which were thus received prior to the assignment of the judgment.

[2] The assignment contained these words, "the said assignment being without recourse." While these words accompanying the indorsement upon a negotiable instrument have a fixed and well defined meaning; i. e., that the indorser of the instrument will not be liable for the payment of the negotiable instrument in case of its dishonor at maturity as he would be on an unqualified indorsement. It has no further effect. He is still liable upon the implied warranty that the instrument is genuine and in all respects what it purports to be; that he has good title to it; that all prior parties had capacity to contract; and that he has no knowledge of any fact which would impair the validity of the instrument or render it valueless. Negotiable Instruments Law (Consol. Laws 1909, c. 38) §§ 115, 116. Where, however, these words are used in the assignment of a chose in action, they cannot have a like effect, for there is no implied engagement on the part of the assignor to pay the obligation or claim if the person primarily liable does not do so.

[3] There is an implied warranty that the obligation or claim assigned was an existing and valid one to which the assignor had title which he might transfer, and that the amount of money it calls for was owing and unpaid, or at least that it had never been paid or satisfied by the acts of the assignor. Sanders v. Aldrich, 25 Barb. 63; Corwin v. Wesley, 34 N. Y. Super. Ct. 109; Furniss v. Ferguson, 15 N. Y. 437. The counsel for appellants argues that, as these words could not have the force and effect that they would have had upon the liability upon an indorser of a negotiable instrument, they must have the effect to nullify the remaining implied warranty arising upon the assignment of a chose in action, and therefore, if the judgment had in fact been paid prior to the assignment, the assignee could have no right of action against the assignor. On the other hand, the respondent's counsel claims that, as there was nothing upon which these words in their usual legal significance could apply, they were mere nullities, and had no effect upon the rights and liabilities of the parties. We cannot adopt either view. It is a fundamental rule of construction of written instruments that force and effect must be given to every word used by the parties, if possible. If words are used, the intent and meaning of which, in

the manner of their use by the parties, is not clear, resort may be had to parol evidence and the circumstances surrounding the transaction taken into consideration. The words "without recourse" in an assignment of a chose in action have of themselves no legal meaning or operation. We must look, then, to the understanding of the parties as to the design with which they were used. To this end the knowledge of the parties as to the then condition of the judgment becomes an important consideration.

[4] The $500 was paid by Mrs. Hackman. Of this amount only about $250 was actually applicable to the judgment, as that was all that was turned over by the receiver, the remainder having been paid out in the expenses attendant upon the suit by the receiver. This would leave over $300 remaining due upon the judgment without interest.

[5] The attorney for the judgment creditor testified that in December, 1906, Mrs. Hackman personally opened negotiations with him for the purchase of the judgment; that he told her:

"You can have that judgment with whatever addition to the $500 will make up the amount with interest to date."

They wanted it for less—

"and I said: 'There is no use now. I will not communicate with Messrs. Hewitt Bros. on the subject at all until you get ready to pay $300 or thereabouts, whatever would make up the balance of the amount of the judgment with interest.'"

These negotiations were subsequently continued by Mr. Beerman, an attorney, on behalf of Mrs. Hackman, and $300 was agreed to be paid, whereupon an appointment was made, and Mr. Beerman gave his check for $300, which he testified he had received, not from the respondent, but from Charles E. Ochs, a son-in-law of Mrs. Hackman. When Mr. Ochs was a witness, he was asked from whom he got the $300 which he gave Beerman. An objection to the question was sustained. The purpose of this question was undoubtedly to show that Mrs. Hackman was the real party who was buying the judgment. If this was the fact, it would have an important bearing upon the understanding of the parties as to the use of the words, "without recourse," in the assignment, showing that it was intended to limit the warranty of the assignors to the balance due upon the judgment, instead of that the full amount was due and unpaid. Therefore we are of opinion that the appellants should have been allowed to go into the matter fully.

[6] Whether the payment of the dividend of $118.42 from the insolvent corporation of Hoefer, Menkin & Boeck Company was credited on the amount in suit prior to the recovery of this judgment does not clearly appear from the evidence. The attorney for the judgment creditor testified that to the best of his recollection it was. The payment was made more than four months prior to the recovery of the judgment. The burden was on the plaintiff in this action to show that that payment was properly applicable in reduction of the judgment. The payment of the dividend of $42.63 was made subsequent to the recovery of the judgment. Whether that payment is chargeable

against the appellants we express no opinion. The effect of the use of the phrase "without recourse" in an assignment of a chose in action has never been considered, so far as we have been able to ascertain, by the courts of this state. The decisions of the courts in other states in the few instances that this phrase so used has been considered are conflicting. See Crawford v. McDonald, 12 Va. 189, 192; Houston v. McNeer, 40 W. Va. 365, 22 S. E. 80; Trustees of Broaddus Inst. v. Siers, 68 W. Va. 125, 69 S. E. 468, Ann. Cas. 1912A, 920; Charnley v. Dulles, 8 Watts & S. (Pa.) 353, 361; Scofield v. Moore, 31 Iowa, 241. We therefore hold that this phrase used in an assignment of a chose in action, having no defined legal meaning, must be given such meaning as the parties themselves intended to give it which must be determined as a question of fact taking into consideration all the surrounding circumstances, giving due weight to the parol evidence that may be adduced having reference thereto. From the record presented this cannot be clearly ascertained because neither party adopted this theory upon the trial.

Therefore the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.