In the Matter of the Estate of SARAH BETTS, Deceased. FREDERICK BETTS, Appellant; VIOLET BARTSCHERER and EARL J. BENNETT, as Executor, etc., of SARAH BETTS, Deceased, Respondents.— Decree of the Surrogate's Court of Nassau county adjudging a certain bank account to be the property of the petitioner and directing the executor to deliver the pass book to the petitioner unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of SADIE AGNES HAMILTON, Respondent, v. WILLIS WARD HAMILTON, Appellant.— Order of the Domestic Relations Court of the City of New York (Family Court), Kings County, directing appellant to pay for the support of petitioner, his wife, reversed on the law, without costs, and the petition dismissed, without costs. The proof does not show changed circumstances on the part of the petitioner or a likelihood of her becoming a public charge. In our opinion appellant's offer of settlement, without prejudice, was fair and might well have been accepted. Lazansky, P. J., Carswell and Adel, JJ., concur; Hagarty and Close, JJ., concur for reversal but dissent from the dismissal of the petition and vote for a new trial on the ground that the medical testimony was improperly excluded.

In the Matter of the Probate of the Last Will and Testament of ANTHONY HERMANOWSKI, Deceased. VINCENTA GODLEWSKI, Appellant; BOLESLAUS HER-MANOWSKI, WLADYSLAW, SANIEWSKI, JULJUSZ SZYGOWSKI, Acting Consul General of the Republic of Poland, Acting on Behalf of FRANCISZEK HERMANOWSKI and FELIZA PRUSINSKI, Respondents.— Decree of the Surrogate's Court of West-chester county denying admission to probate of a paper writing bearing date the 29th day of June, 1936, as the last will and testament of decedent on the ground that there was lack of testamentary capacity and that the execution of the paper was the result of fraud, deceit or undue influence practiced upon decedent at a time when he was not free from restraint, reversed on the law and the facts, with costs to appellant, payable out of the estate, and matter remitted to the Surro-gate's Court for the entry of a decree directing that such paper writing be admitted to probate as the last will and testament of the decedent. In our opinion, no proof at all was adduced to warrant the submission to the jury of the issues of restraint, fraud, deceit or undue influence. Nor should the issue with respect to lack of testamentary capacity have been submitted to the jury. There was no proof that the decedent lacked testamentary capacity, but, to the contrary, the witnesses were all in agreement that the decedent was rational and of sound mind. The mere fact that death resulted within eighteen hours from the making of the will, and that the decedent was in pain at the time of its making, presents no issue. (*Matter of Burnham*, 201 App. Div. 621; affd., 234 N. Y. 475.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.