| Mochitto LLC v Gurung |
| --- |
| **Mochitto LLC v Gurung** |
| 2024 NY Slip Op 34261(U) |
| December 3, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506534/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------x
MOCHITTO LLC,

                    Plaintiff,       Decision and order

        - against -           Index No. 506534/2024

MIMI GURUNG; JOHN DOES 1-10; and
BUSINESS ENTITIES A-K,

               Defendants,     December 3, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN        Motion Seq. #2

     The defendants have moved pursuant to CPLR §3211 seeking to dismiss the lawsuit. The plaintiff has opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments, this court now makes the following determination.

     On October 5, 2023 the plaintiff and defendant entered into an asset purchase agreement whereby the plaintiff agreed to purchase all the assets of four of defendant's businesses, namely coffee shops in New York City. The plaintiff paid $200,000. Paragraph 5.10(d) of the asset purchase agreement provides that "with respect to the leases pertaining to the Business locations described in Article 1.01(I) through Article 1.01(iv) of this Agreement, for each of them, Seller shall provide either an assignment and assumption executed by the respective landlord, or shall provide documentation sufficient to show that no such assignment and assumption is required" (see, Asset Purchase Agreement, ¶5.10(d) [NYSCEF Doc. No. 3]). According to the complaint, the defendant failed to secure assignments of the

[*1]

leases for two from two of the landlords which essentially required the plaintiff to pay the security deposits anew. Further, the plaintiff alleges the defendant misrepresented the potential profits of each location. This lawsuit was commenced and the plaintiff has alleged causes of action for breach of contract, fraud and conversion. The defendant has now moved seeking to dismiss the lawsuit on the grounds it fails to allege any cause of action. As noted the motion is opposed.

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Davids v. State, 159 AD3d 987, 74 NYS3d 288 [2d Dept., 2018]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Dunleavy v. Hilton Hall Apartments Co., LLC, 14 AD3d 479, 789 NYS2d 164 [2d Dept., 2005]).

It is further well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d 425, 913 NYS2d 161 [1st Dept., 2010]).

The defendant argues that while the asset purchase

2

[*2]

agreement did require the plaintiff to secure assignments of the leases prior to closing the plaintiff waived that requirement by closing anyway. The agreement contains a "condition precedent" namely, that the leases of the locations are "duly assigned" (see, Asset Purchase Agreement, ¶5.01 [NYSCEF Doc. No. 3]). However, that paragraph also states that "the failure to obtain landlord consent for any such assignment/assumption shall be grounds for either Party to terminate this Agreement without further recourse. This section survive [sic] Closing, and shall be enforceable regardless of whether or not a Closing takes place" (id). Thus, the agreement expressly extends the right to secure the assignments even past closing. Thus, the mere closing, even without the assignments from the landlords, is not a waiver at all.

Moreover, the words "without recourse" in a nonnegotiable instrument really has "no defined legal meaning" (Binswanger v. Hewitt, 79 Misc 425, 140 NYS 143 [1st Dept., 1913]). Therefore, the court "must imbue the phrase with 'such meaning as the parties themselves intended to give it which must be determined as a question of fact taking into consideration all the surrounding circumstances'" (U.S. for Use and Benefit of Evergreen Pipeline Construction Company Inc., v. Merritt Meridian Construction Corp., 1998 WL 549570 [S.D.N.Y. 1998]).

In addition, the complaint alleges the defendant

3

[*3]

misrepresented the actual worth of the businesses and also breached the contract by shutting down delivery services. These factual assertions cannot be decided on a motion to dismiss.

Therefore, there are surely questions, which cannot be decided at this time, whether the plaintiff maintains a cause of action for breach of contract. Consequently, the motion seeking to dismiss this cause of action is denied.

The claims for fraud and fraudulent inducement merely reiterate the contract claim concerning the worth of the businesses and whether delivery was ceased. It is well settled that where a claim to recover damages for fraud "is premised upon alleged breach of contractual duties and the supporting allegations do not concern misrepresentations which are collateral or extraneous to the terms of the parties agreement, a cause of action sounding in fraud does not lie" (McKernin v.Fanny Farmer Candy Shops Inc., 176 AD2d 233, 574 NYS2d 58, [2nd Dept., 1991]). Clearly where the misrepresentations that give rise to the fraud are duties contained in the contract no fraud claim is viable (see, Wyle Inc., v. ITT Corporation, 130 AD3d 438, 13 NYS3d 375 [1st Dept., 2015]). The fraud claims are duplicative of the contract cause of action and consequently they are dismissed.

Lastly, the cause of action for conversion is duplicative of the breach of contract claim (AJW Partners LLC v. Itronics

4

[* 4]

Inc., 68 AD3d 567, 892 NYS2d 46 [1st Dept., 2009]). Consequently, that cause of action are dismissed.

Therefore, the motion seeking to dismiss the complaint except for the breach of contract cause of action is granted. The motion seeking to dismiss the breach of contract claim is denied.

So ordered.

ENTER:

DATED: December 3, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

5