John F. Briggs et al., Respondents, *v.* The Central National Bank of the City of New York, Appellant.

Defendant received from plaintiffs, for collection, a check drawn upon a bank in New Jersey, and sent it by mail to the drawee, which was and had been for fifteen years its collecting agent in New Jersey, under an arrangement that all collections made by it for defendant should be credited to the latter in a collection account which was settled once a week. Said drawee, upon receipt, charged the check to the drawer and credited defendant with the amount in said account, and the next day suspended payment. In an action to recover the amount of the check, *held*, that the drawee, under said arrangement, had the right to discharge the drawer and substitute itself as debtor, which it did; and that defendant must be regarded as having accepted the responsibility of the drawee, upon its credit in the collection account, as payment of the check, and was consequently liable therefor.

*Indig* v. *National City Bank* (80 N. Y. 100), distinguished.

(Argued March 15, 1882; decided May 30, 1882.)

Appeal from judgment of the Court of Common Pleas in and for the city and county of New York, entered upon an order made April 4, 1881, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover the amount of a check drawn on the First National Bank of Newark, and delivered by plaintiffs to defendant for collection. The drawee was and had been for fifteen years the collecting agent for defendant

in New Jersey under an agreement that all collections made should be credited to defendant in a collection account, which was settled every Tuesday.

Defendant forwarded the check to the drawee by mail; it was received June 10, 1880, and was charged to the drawer, who was a customer, and credited to defendant in said collection account. The next day the drawee suspended payment and went into the hands of a receiver.

*Geo. A. Strong* for appellant. The Newark bank could not, either in fact or in law, be defendant's agent in reference to the Haines check. (*People* v. *Merchants' Bk.*, 78 N. Y. 269 ; *Indig* v. *City Bank*, 80 id. 100, 105, 106.) A man cannot act as agent for another in a transaction with himself. (*Claflin* v. *Farmers' Bk.*, 25 N. Y. 293 ; *Bentley* v. *Columbia Ins. Co.*, 17 id. 423 ; *Hardy* v. *Metropolitan, etc., Co.*, L. R., 7 Ch. App. 427.) Although a corporation acts by many different agents, it is considered as one individual as to third persons. (*Fairchild* v. *Ogdensburgh, etc., R. R. Co.*, 15 N. Y. 337.) Nothing will sustain an action for money had and received but proof of money actually received by defendant, either in person or by an agent. (*Nat. Trust Co.* v. *Gleason*, 77 N. Y. 400 ; *People* v. *Merchants' Bk.*, 78 id. 269, 273.) This case is to be decided under the law of agency, or of bailment, and not under the law of debtor and creditor. (77 N. Y. 327 ; *Leach's Case*, 52 id. 350, 353 ; 1 Parsons on Contracts [3d ed.], 187 ; *Shipsey* v. *Bowery Bank*, 59 N. Y. 485.) Under the law of agency or bailment, defendant is not liable on the facts shown for the loss caused by the insolvency of the Newark Bank. (*In re Parsons*, Ambler, 218 ; *Knight* v. *Lord Plymouth*, 3 Atk. 480 ; *Adams* v. *Claxton*, 6 Ves. Jr. 225 ; *Bacon* v. *Bacon*, 5 id. 331 ; *Leverick* v. *Meigs*, 1 Cow. 645 ; *Heubach* v. *Rother*, 2 Duer, 227.) There was no evidence showing the slightest default, negligence, or other misconduct on defendant's part. (*Shipsey* v. *Bowery Bk.*, 59 N. Y. 490 ; *Indig* v. *City Bk.*, 80 id. 103.) It was error to direct a verdict for the full amount of

the Haines check. In no event could more than nominal damages be recovered. (*First Nat. Bk.* v. *Fourth Nat. Bk.*, 77 N. Y. 329; *Burkhalter* v. *Second Nat. Bk.*, 42 id. 538; *Turner* v. *Bank of Fox Lake*, 4 Abb. Ct. of App. Dec. 434.)

*A. Blumenstiel* for respondents. The First National Bank of Newark being the collecting agent of the defendant, and authorized to collect this check, payment to it was a payment to the defendant, the principal. (*Faverie* v. *Bennett*, 11 East, 36; *Renard* v. *Turner*, 42 Ala. 117.) The transaction amounted to a payment. (*Bodenham* v. *Purchas*, 2 B. & Ald. 47; *Bolton* v. *Richard*, 6 Term R. 139; *Eyles* v. *Ellis*, 4 Bing. 112; 2 Wait's L. and Pr. 1064; Wait's Actions and Defenses, 381; *First Nat. Bk. of Jersey City* v. *Leach*, 52 N. Y. 352.) The failure of the agent to pay over is chargeable to the defendant and not the plaintiffs. (*Allen* v. *Merchs. Bk.*, 22 Wend. 115; *Cobbe* v. *Clark*, Seld. Notes of Cases, 11.) By charging the maker of the check with the amount and crediting the Central National Bank therewith, the First National Bank became the debtor to the Central National, and that could only occur on the theory that the transaction amounted to a payment. (*Com. Bk. of Penn.* v. *Union Bk.*, 11 N. Y. 214.) The defendant and not the First National Bank of Newark was the agent of the plaintiffs. There is no privity of contract between the latter bank and the plaintiffs, and they could not maintain any action against the Newark bank for this check, nor have they any claim against its receiver. (*Com. Bk.* v. *Union Bk.*, 11 N. Y. 211; *Montgomery Bk.* v. *Albany City Bk.*, 3 Seld. 469.) As between the two, the defendant became the creditor of the First National Bank of Newark, upon the credit being given by the latter to the former of the amount of the check, and the maker of the check was discharged and received back the voucher. (*Com. Bk.* v. *Union Bk.*, 11 N. Y. 211)

Rapallo, J. In the case of *Indig* v. *National City Bank*, 80 N. Y. 100, it was decided that where a bank receives from

one of its customers, for collection, a check or draft drawn upon another bank at a distant place, and for the purpose of collecting the paper, sends it by mail to the bank upon which it is drawn, with a request to remit the amount, the collecting bank, by so sending the paper to the drawee directly for payment, does not constitute the drawee its agent to receive the proceeds, and consequently does not become guarantor of the solvency of the drawee; and that in such a case, though the drawee has funds of the drawer of the paper, and charges it to his account as paid, but fails to pay over to the collecting bank, the latter is not responsible to its customer for the amount, unless there has been some negligence. The point of the decision is that the mere act of presenting the paper for payment by mail, instead of employing a messenger to present it, does not constitute the drawee agent of the sender to receive or hold the proceeds.

That case is sought to be applied to the present one, but the distinction between the cases is obvious. The plaintiffs here, for the purpose of establishing the agency of the drawee for the defendant (the collecting bank), do not rely upon the mere fact that the defendant sent the paper for payment directly to the drawee, but upon proof given at the trial that the drawee was, and had been for fifteen years back, the collecting agent of the defendant, under an arrangement that all collections made by the drawee for the defendant should be credited to it in a collection account, which was settled once a week, viz.: every Tuesday. That the collections made under this arrangement embraced commercial paper drawn on all banks and individuals in the State of New Jersey, including, therefore, paper drawn upon the agent itself. That the check in question was charged up to the account of the agent, and credited by it to the defendant, in this collection account, and under the arrangement the defendant had no right to call upon the agent for a settlement of this account until the Tuesday following. There can be no doubt that the drawee of the check had the right under this arrangement to discharge the drawer, and substitute itself as debtor to the defendant for the amount, and that it

did so, and that the defendant must be regarded as having accepted the responsibility of the drawee, upon its credit in the collection account, as payment of the check.

Under these circumstances the liability of the defendant to the plaintiff for the amount, as for a collection effected, is beyond question.

The judgment should be affirmed.

All concur except TRACY, J., absent.

Judgment affirmed.