THE PEOPLE OF THE STATE OF NEW YORK v. THE CITY BANK OF ROCHESTER.

In the Matter of the Petition of the UTICA CITY NATIONAL BANK.

By an arrangement between two banks each acted as collecting agent for, and kept a running account with, the other, crediting it with avails of collections made for it, and charging it with paper sent for collection ; a balance being struck once a week, and the bank found indebted remitted the balance due. The avails of collections were not kept separate or distinguished in any way from the other funds of the bank. One of the banks having failed, owing a balance on such account, *held*, that the relation between the banks was simply that of debtor and creditor ; that the creditor bank acquired no lien upon any specific fund, and was not entitled to any preference over other creditors.

(Argued October 16, 1883 ; decided October 26, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made May 1, 1883, affirming an order of Special Term denying a motion on the part of the Utica City National Bank for an order directing Hobart F. Atkinson, as receiver of the City Bank of Rochester, appointed in the proceeding first above entitled, to pay to the petitioner certain moneys, the avails of collections which the petition averred the insolvent bank, at the time of the appointment of the receiver, held separate and apart from its other funds as a fund belonging to the petitioner.

The material facts appear in the opinion.

*A. M. Beardsley* for appellant. The money belonged to the petitioner, and The City Bank of Rochester had no title to it. It was a mere collecting agent, acting in a fiduciary capacity, and receiving and holding the money of the petitioner for the purpose of remitting it. There is no relationship of borrower and creditor in the matter. (*Lindauer* v. *Fourth Nat. B'k,* 55 Barb. 75 ; *Dod* v. *Fourth Nat. B'k,* 59 id. 265 ; *Dickin-*

son v. *Mason*, 47 id. 439; *West* v. *Am. Ex. B'k*, 44 id. 175; *Warner* v. *Lee*, 6 N. Y. 144; *McBride* v. *B'k of Salem*, 26 id. 450.) The fact that money has been received on the notes, etc., sent for collection does not change the title or right to the money collected, nor is it less so when the money collected is marked and fixed by being set aside in a fund as determined by the account-books of the bank collecting the money. (*In re Le Blanc*, 14 Hun, 8; 75 N. Y. 598; *In re Van Duzer*, 51 How. Pr. 410; *Van Allen* v. *Am. Nat. B'k*, 52 N. Y. 1, 4; *Disbrow* v. *Hill*, 2 Hun, 132, 134; 62 N. Y. 604; *Thompson* v. *Perkins*, 3 Mason, 232.) If the Rochester bank did mingle the money collected for the petitioner with its own money, the abuse of the trust cannot injure the petitioner. (*Taylor* v. *Plumer*, 3 Maule & Selw. 562, 574.) Entries of collection paper received, and of money collected on such paper, fixed the fund and were evidence of money received and held on trust for the owner of the paper, and the money collected on it. (14 Hun, 8; 2 id. 132, 134; 52 N. Y. 1.)

*H. M. Briggs* for respondent. No trust was created by the transaction. It constituted The City Bank of Rochester the debtor of the petitioner. (*People* v. *Merch. & Mech. B'k*, 78 N. Y. 269; *Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 id. 82; *Briggs* v. *Central Nat. B'k*, 61 How. 258; 89 N. Y. 184; *Conklin* v. *Second Nat. B'k*, 45 id. 660; *Com. B'k of Albany* v. *Hughes*, 17 Wend. 94; *Marsh* v. *Oneida Central B'k*, 34 Barb. 298.) The collections having been made, and the Utica bank credited with the avails, either in pursuance of an express agreement or in conformity to a long-established usage, the Rochester bank became a simple contract debtor for the amount. (Morse on Banking, 384; *Marine B'k* v. *Rushmore*, 28 Ill. 463; *Hosmer* v. *Jewett*, 6 Benedict, 208.)

RAPALLO, J. The petitioner and the City Bank of Rochester acted as collecting agents for each other in the cities where they were respectively located. The petition in this matter avers on information and belief that the petitioner had,

prior to the failure of the City Bank of Rochester, sent to that bank commercial paper for collection; that the paper had been collected, and that the bank had placed the amount so collected on its books as a fund belonging to the petitioner, separate and apart from other funds of the bank, and that the fund so set apart remained in the bank at the time of the appointment of the receiver. These averments are controverted by the affidavits read in opposition to the motion, which show that the course of dealing and arrangement were that each of the two banks kept a running account with the other, crediting it with the avails of collections made for it, and charging it with papers sent to it for collection; that a balance was struck once a week, and the bank found indebted to the other remitted to it by draft on New York the balance due, less commissions, and that the avails of these collections were never kept separate from the other funds of the bank or distinguished therefrom in any way. Upon this state of facts the creditor bank failed to establish any lien, or impress any trust on any specific money of the debtor bank, which would enable it to follow any of its property or funds which went into the hands of the receiver and obtain payment in preference to other creditors. Each sum collected, as it came in, became the property of the collecting bank, who simply became liable to account for it to the other on the next settling day. It was under no obligation to pay over each specific sum received. Whether there would be any thing to pay over, depended upon the condition in which the account should be when the settling day arrived. This was the course of dealing agreed upon and followed between the parties for a long period, and it established between them the relation of debtor and creditor in respect to these collections.

The order should be affirmed.

All concur.

Order affirmed.