Hardin, P. J.
Plaintiff is assignee for the benefit of creditors of Cook, Sackett & Co., under an assignment made January 6, 1885, and as such brings this action against the defendant to recover $100 (and interest), the proceeds of a check sent to the defendant to collect, and upon which the defendant received the money.
April 14, 1880, plaintiff’s assignors were doing business as bankers at Havana and made a collection for defendant, and in remitting for the same made a proposition for defend ant’s business, saying, viz: “We would make all your collections in Havana, as well as this one, and we'could make them quite as cheaply and promptly as you could get them done by any other house, should you try us.”
Thereafter the defendant sent its claims for collection to the plaintiff’s assignors, and they collected in pursuance of the offer made in the letter, from which we have quoted.
December 31, 1884, sent a check of McKeg & Co. for $118 for collection “ for account ” of defendant. Ho notice of protest was received of it by defendant.
It appears by evidence, that it is the custom to protest checks when they are not paid. Witness says: “When checks are sent to a bank for collection, it is the custom of such bank to protest all such checks or notes of every description which are not paid, unless they are marked ‘ no protest,’ whether the checks were drawn on the bank to whom they were sent or not.” “Heretofore, Cook, Sackett & Co. always protested all items we had sent to them and which had not been paid.”
Pratt & Co., to whom the check for $118 was given, required defendant to take the check, refused to allow it to be charged to them, and defendant was obliged to and did pay for it to Pratt & Co., besides it was not protested when it should have protested by Cook, Sackett & Co., if it was not paid when presented to the drawer.
It appeared that defendant and Cook, Sackett & Co., in their exchange of collections, followed a custom between banks and remitted for differences. Witness says: “When *224 they owed us for collection and sent us checks for collection, they remitted the difference.”
Defendant sent a check for $201.25, dated December 22, 1884, drawn by Edwin Weller, drawn on Cook, Sackett & Co., properly endorsed “for collection for account” of defendant. Cook, Sackett & Co. never remitted any money for it.
Defendant sept another check December 29, 1884, to Cook, Sackett & Co. for $126.56 and never received “any money on account of the check * * * defendant never received any notice of non-payment of the check or of its protest from Cook, Sackett & Co.”
On January 2, 1885, defendant applied, by letter or telegram, to Cook, Sackett & Co. to remit, and asked “them why they did not remit for what they owed us (defendant).” On the 3d of January, 1885, Cook, Sackett & Co. made reply, viz.: “We sent $300 yesterday; additional to-day and additional Monday.” The $300 was received January 2, 1885. “It was not in payment of any of these checks brought back from Havana.”
No more was received.
Cook, Sackett & Co. closed business 3d January, 1885, and assigned by an assignment drawn that day.
Cook, Sackett & Co. did not protest the checks set up in defendant’s answer and sent for collection.
“The drawer of each of said checks had at all times, from the date of said check to the date of the general assignment of said firm, on deposit with and due from said firm, more than sufficient funds to pay such check in full, which funds were available for such purpose.” They continued to do business and to pay “checks presented over the counter until the close of business January 3, 1885.”
At the close of the case the court ordered a verdict for $110, and defendant excepted.
Defendant asked “to go to the jury upon the question whether there was a contract for collection,” aá to whether they collected the checks, and “also whether Cook, Sackett & Co. substituted their own liability to defendant for that of the makers of the checks to the amount of the checks.”
Refused, and defendant excepted.
The checks mentioned in the answer were, subsequent to the failure, returned to defendant, and defendant offered to surrender the checks so received back on the trial.
When Cook, Sackett & Co. received from the defendant the checks, according to the custom among bankers and the usage between the parties, it was the duty of Cook, Sackett & Co. to collect them and remit any. difference between those items and those due from defendant to them.
*225 If payment was not made by the drawer then it was their duty to protest the endorsement thereof.
In Allen v. Merchants’ Bank (22 Wend., 227), it was said: “lb is well settled in this state that there is an implied understanding by a bank or banker receiving negotiable paper deposited for collection, to take the necessary measures to charge the drawer maker, or other parties upon the default or refusal, to pay or accept.”
This doctrine was approved in Commercial Bank v. Union Bank (1 Kern., 211. But Cook, Sackett & Co., neither remitted or paid to defendant for the items received from defendant named in the answer. They omitted to give notice to the indorsers. Presumably such omission was a breach of their obligation to the defendant.
They also wholly omitted to pay over the “differences,” due from them to the defendant on the third day of January.
Inasmuch as the drawers’ accounts were good when the items were received, it was a clear obligation resting upon Cook, Sackett & Co., to charge to their customers, the items and to remit the money to make up the differences between the bankers.
Evidently" they realized their duty in the premises, and as they omitted to protect the paper, they assumed the payment thereof and so intended to assume the payment to defendant as is made manifest by the language of the telegram of January third in which they state, “we sent $300 yesterday, additional to-day and additional Monday.” This seems to relate to the “ differences ” due from them to defendant.
There had been a custom between Cook, Sackett & Co. and defendant to remit balances. The witness Norman states it, viz.: “When they owed us for collections and sent us checks for collection, they remitted the difference.”
We think the evidence presented a question for the jury upon which a finding would have been justified, that Cook, Sackett & Co. had substituted their promise to pay the balance between the banks on the third of January, and that in pursuance of the undertaking of Cook, Sackett & Co., to pay over any balance they, gave the defendant the assurance that the payment would be forthcoming.
When they failed, that obligation stiE rested upon them, as well as the obligation upon the defendant to accept the difference. The plaintiff stands in the shoes of his assignor—out of the contract, evidenced by the letter, the acts of the parties and the custom existing between the bank *226 ers,-the plaintiff’s cause of action arose, and, also, the defendant’s claim against the plaintiff’s assignors.
We think the defendants, if such contract had been found by the jury, would be entitled to defeat the claims of the plaintiff.
Hence we conclude it was error to refuse to submit to the jury, the question made at the trial in respect to contract between the bankers.
Defendant by sending the items to Oook, Sackett '& Co., requested them to pay them.
Rapallo, J., says in Indig v. N. C. Bank (80 N. Y., 106): “ The defendant by sending the note to the Bank of Lowville (where it was payable), requested it to pay, not to receive the proceeds.”
In Briggs v. C. N. Bank (89 N. Y., 185), there was an arrangement somewhat like the one claimed here, in respect to the drawer—except that the settlement was to be made once a week, while here it was made daily according to the evidence. In that case, “the check in question was charged up to the account of the agent and credited by it to defendant in this collection account, and under the arrangement the defendant had no right to call upon the agent for a settlement of this account until Tuesday following.”
Here the_ differences seem to have been payable daily. In that case it is added: “There can be no doubt that the drawer of the check had the right under the arrangement, to discharge the drawers and substitute itself as debtor to the defendant for the amount, and that it did so, and that the defendant must be regarded as having accepted the responsibility of the drawer upon its credit in the collection account as payment of the checks.”
If the arrangement as to the differences alluded to had been found to have been made as claimed by the defendant at the trial, and that- under it the “differences ” were due from the debtor bank, and that upon a statement of the items pro and con no balance was due from the defendant to the assignors when they failed, then it would follow that as the plaintiff stands in their shoes he could not recover upon the supposed balance or claim stated in his complaint.
We think the learned trial judge fell into an error in withholding the case from the jury, and in ordering a verdict for the plaintiff. Judgment reversed and new trial ordered, with costs to abide the event.
Follett, J., concurs.