FLORIDA POWER & LIGHT CO. v. JOHN A. NEWSOM,
*as Liquidator.*

149 So. 621.

En Banc.

Opinion Filed June 22, 1933.

*Knight, Thompson & Turner, John M. Allison* and *Sam Bucklew,* for Plaintiff in Error;

*Altman, Morrow & Cooper,* for Defendant in Error.

TERRELL, J.—May 11, 1929, plaintiff in error, Florida Power and Light Company drew a draft in favor of itself for the sum of $898.14 and deposited it with the First National Bank of Lakeland. On May 14, 1929, it drew a second draft in the sum of $1017.07 and deposited it with the same bank. Both drafts were by the depositee endorsed to the Florida National Bank of Jacksonville with a remittance letter on which was printed "for credit and advice." It is shown that for twelve or fifteen years prior to the drawing of these drafts the First National Bank of Lakeland had carried a deposit and withdrawal account with the Citizens Bank and Trust Company of Tampa, that in keeping with the terms of this account all checks, drafts, and other items sent from the First National Bank of Lakeland to the Florida National Bank of Jacksonville were credited provisionally by the latter bank to the account of the Citizens Bank and Trust Company which immediately gave to the First National Bank of Lakeland credit for them, that it was the custom of the last named bank to draw on this account and that the two drafts brought in question were handled this way.

The First National Bank of Lakeland closed on account of insolvency May 15, 1929, before either draft was returned to it, and payment on both drafts were dishonored by the drawer. After being dishonored, the drafts were returned to the Florida National Bank of Jacksonville which debited and forwarded them to the Citizens Bank and Trust Company, which debited them to the First National Bank

of Lakeland, the debit of the first draft having been made on May 17, and that on the second on May 20. The Citizens Bank and Trust Company subsequently failed and this action was brought by defendant in error as its liquidator against the Florida Power and Light Company, to recover on the face of the drafts. At the conclusion of all the testimony there was a directed verdict for the plaintiff, upon which a final judgment was entered and this writ of error is to that final judgment.

Under this state of facts was the Citizens Bank and Trust Company a holder of the drafts in due course or was it the mere collecting agent of the plaintiff in error through endorsement from the First National Bank of Lakeland?

The plaintiff below who is defendant in error here contends that the Citizens Bank and Trust Company took the drafts in good faith, for value and in due course, relying on its deposit and withdrawal account with the First National Bank of Lakeland and the endorsements thereon. It is shown that they amounted to negotiable bills of exchange but the evidence is in conflict as to whether the Citizens Bank and Trust Company had knowledge of the insolvency of the First National Bank of Lakeland at the time the drafts were endorsed to it. It is not shown that the Citizens Bank and Trust Company had knowledge of any contract or agreement between defendant and the First National Bank of Lakeland that affected the said drafts.

As against the contention of the plaintiff, defendant, plaintiff in error, contends that it deposited the drafts with the First National Bank of Lakeland for collection, that until collected the relation between defendant and the First National Bank of Lakeland was that of principal and agent, that not having been collected the relation of debtor and creditor never existed and that the title to the drafts or the proceeds thereof never passed to the First National Bank

of Lakeland nor to the Citizens Bank and Trust Company nor to its liquidator as plaintiff in this cause. To support this contention, defendant relies on Section 4748, Revised General Statutes of 1920, Section 6834, Compiled General Laws of 1927.

Defendant, Florida Power and Light Company, further contends that Citizens Bank and Trust Company was by virtue of Section 4748, Revised General Statutes of 1920, Section 6834, Compiled General Laws of 1927, on constructive notice of the relation of principal and agent existing between the drawer of the drafts and the First National Bank of Lakeland. The response of plaintiff, Citizens Bank and Trust Company, to this contention is that Section 4748, Revised General Statutes of 1920, *supra,* applies only to controversies between the original drawer and depositary and has no application to controversies like that in question where the rights of third parties have intervened and where such third party has brought suit as a holder in due course to enforce payment against the drawer under and by virtue of Section 4730, Revised General Statutes of 1920, Section 6816, Compiled General Laws of 1927.

The purpose and effect of Section 4748, Revised General Statutes of 1920, *supra,* was to require due diligence on the part of banks in handling negotiable instruments deposited with them for credit or collection. It requires that such instruments be forwarded promptly according to the course of banking business and requires that the maker, endorser, guarantor, or surety be held liable to the bank thereon until final payment is received but when so received the bank becomes liable unless a want of due diligence on its part is shown.

The purpose of Section 4630, Revised General Statutes of 1920, *supra,* was to fix the status of the holder in due course of a negotiable instrument. It vests such a holder

with a title superior to that of all prior parties to it, free from defenses of such prior parties among themselves, and provides for its enforcement in full against all parties liable thereon.

There is no question of due diligence on the part of any of the endorsees in forwarding either of the drafts brought in question so we do not see that this phase of Section 4748, Revised General Statutes of 1920, has any application to the case at bar. It does, however, serve to advise the drawer of the drafts annd those through whose hands they passed by endorsement of their status and liability thereon.

A holder in due course of a negotiable instrument is one who takes it in good faith, for value, prior to the maturity, complete and regular on its face, without notice of previous dishonor, if such is the case, and that at the time of negotiation, the holder took it without notice of any infirmity in the instrument or defect in the title of the person negotiating it. Section 4725, Revised General Statutes of 1920, Section 6811, Compiled General Laws of 1927.

When deposited with it, the First National Bank of Lakeland credited the drafts to the account of Florida Power and Light Company and copied such credit in its pass book, the front page of which contained the following notice:

"In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents nor for losses in transit, and each correspondent so selected shall not be liable except for its own negligence. This bank or its correspondents may send items, directly or indirectly, to any bank including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back

any item at any time before final payment whether returned or not, also any item drawn on this bank not good at close of business on day deposited."

Relying on this notice and Section 4748, Revised General Statutes of 1920, *supra,* the defense below was predicated. As heretofore stated the substance of this defense was that the drafts were placed with the First National Bank of Lakeland for collection, that the relation of said bank and the Florida Power and Light Company was that of principal and agent until the proceeds of said drafts were collected and in possession of the bank at which time their relation became that of debtor and creditor, but collection not having been made, the relation of debtor and creditor in fact did not materialize.

Section 4748, Revised General Statutes of 1920, had the effect of writing into Florida law what is generally known as the Massachusetts Rule of Liability in respect to out-of-town paper, checks, or other items taken by a bank for collection, that is to say, any bank in Florida receiving commercial paper in the usual course for collection and remittance takes it as agent of the maker or the owner and holds the proceeds in trust for him. Edwards v. Lewis, 98 Fla. 956, 124 So. 746. It is also true under this rule that banks receiving items for collection may select other banks to act as subagents for the owner and that banks so selected become the agent of the owner of the paper and not the agent of the forwarding bank. City of Miami v. First National Bank of St. Petersburg, 58 Fed. (2nd) 561. In the federal and some state jurisdictions, what is known as the New York rule of liability in respect to out-of-town paper applies and where this is true the bank receiving items for collection and remittance becomes the agent of the forwarding bank rather than the maker which is alone responsible to the owner. First National Bank of Denver v. Fed-

eral Reserve Bank of Kansas City, Mo., 6 Fed. (2nd) 339, text 341.

The rule seems to be general that ownership of commercial paper is not concluded by the fact that before collection the amount of it was credited to the customer's account, against which he may draw or check. The authorities almost with unanimity hold that if such paper is delivered to a bank by a customer for collection or for collection and credit, a credit of the amount to the customer before and in anticipation of collection will be deemed merely provisional, and the privilege of drawing against it gratuitous, and that the bank may cancel the credit, or may charge back the paper to the customer's account if not paid by the maker or drawer. *In re* State Bank of Fletcher v. Osborn, 56 Minn. 119, 57 N. W. 336; Commerce Trust and Savings Bank of Chicago v. Schuler (Mo. App.), 27 S. W. (2nd) 492; Alexander v. Birmingham Trust and Savings Company, 206 Ala. 50, 89 So. 66; First National Bank of Blanchester v. Stengel, 169 N. Y. S. 217, text 220; Washington Brick, Lime, and Mfg. Co. v. Traders' National Bank, 46 Wash. 23, 89 Pac. 157.

The problem of tracing the drafts or their proceeds is not involved in this case. If it was under the modern doctrine tracing credits would be sufficient. The old doctrine that mingling and confusing trust funds with general funds destroys the trust because the particular funds cannot be identified and traced has been discarded. Dixon v. Hopkins, 56 Fed. (2nd) 783. The relationship of a bank to a check or other commercial paper deposited with it by a customer depends on the contract of the bank with the customer respecting it. This contract may be special or general, it may be in the form of the endorsement on the paper or it may be controlled by statute or banking customs. The contract may or may not put the world on notice as to its

contents. Washington Loan and Banking Co. v. Fourth National Bank of Macon. 38 Fed. (2nd) 772.

What was the contract between the First National Bank of Lakeland, its endorsers, and the customer, Florida Power and Light Company, in this case?

Section 4748, Revised General Statutes of 1920, *supra,* the notice in the pass book, the endorsement and the remittance letter, under the Massachusetts Rule of Liability which is the law in this State, unquestionably made the banks the collection agents of the Florida Power and Light Company. Was this agency in any sense modified as to the customer by the fact that for twelve or fifteen years prior to the date of the drafts the Citizens Bank and Trust Company carried a deposit and withdrawal account in favor of the First National Bank of Lakeland in which account all items received by the latter bank, payable in other cities were forwarded by said bank to the Citizens Bank and Trust Company for credit, that on receipt of such items the Citizens Bank and Trust Company gave the First National Bank of Lakeland immediate credit against which the latter bank was at liberty to draw, which course was followed in handling the drafts in question?

This question must be answered in the negative. Section 4748, Revised General Statutes of 1920, *supra,* was designed to protect the owners of negotiable paper and it may be that such owners could waive its application but no such waiver is shown on the part of the instant owner and while the deposit and withdrawal agreement between the Citizens Bank and Trust Company and the First National Bank of Lakeland may have been good as to items or transactions solely between them or such as was agreed to by third parties dealing with them it had no binding effect on third parties in the position of the Florida Power and Light Company who had not agreed to and had no knowledge of it.

In the absence of showing to the contrary, it would be presumed that the drafts were deposited for collection. First National Bank of Circleville v. Bank of Monroe, 33 Fed. 408; First National Bank of Denver v. Federal Reserve Bank of Kansas City, Mo. 6 Fed. (2nd) 339; First National Bank of Siloam Sprgs., Ark., v. Munding, 83 Okla. 7, 200 Pac. 158; W. J. Barton Seed, Feed, & Implement Co. v. Mercantile National Bank, 128 Tenn. 320, 160 S. W. 848; Cotton Mills v. Weil, 129 N. C. 452, 40 S. E. 218; Hazlett v. Commercial Nat. Bank, 132 Pa. St. 718, 19 Atl. 55; City of Philadelphia v. Eckels, 98 Fed. 485. The endorsement being general rather than specific imports this, and while the evidence is in conflict there is some evidence which tends to show that the drafts were acquired by the Citizens Bank and Trust with notice that they were deposited for collection.

The relation between the Florida Power and Light Company and the First National Bank of Lakeland is not shown by the pleadings or the evidence nor does either show that the Florida Power and Light Company was on notice as to the deposit and withdrawal agreement on which the liquidator for Citizens Bank and Trust Company relies to recover. It is a reasonable deduction from all the evidence that actual cash was not paid for the drafts and that they were taken by the Citizens Bank and Trust Company with notice of defective title, the first draft having been received by the latter bank on May 16, and the second one on May 18. The first draft was debited back to the account of the First National Bank of Lakeland against a balance ample to cover it, thus making the account a mere book entry on the part of the Citizens Bank and Trust Company and the entire transaction with reference to the second draft took place after the failure of the First National Bank of Lakeland.

In other words, the record indicates that when it received notice of the drafts the Citizens Bank and Trust Company credited them provisionally or conditionally to the First National Bank of Lakeland. Subsequently the latter bank became insolovent, its balance with the Citizens Bank and Trust Company vanished and was superseded by an overdraft, after which the drafts reached the Citizens Bank and Trust Company dishonored and the First National Bank of Lakeland insolvent, by reason of which and its overdraft the Citizens Bank and Trust Company now claims to be a holder in due course of the drafts sued on. The record also shows that had these drafts reached the First National Bank of Lakeland and been charged back in accordance with the deposit agreement in the pass book before its insolvency the plaintiff in error had funds to its credit ample to protect them.

Under this state of facts we are impelled to hold that under the deposit agreement and Section 4748, Revised General Statutes of 1920, *supra,* the Citizens Bank and Trust Company was the mere collection agent of the Florida Power and Light Company and not a holder in due course of the drafts sued on. We have examined American Fruit Growers v. Chase National Bank, 30 Fed. (2nd) 936, and do not think it decisive of this case.

It follows that the judgment below must be and is hereby reversed.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.