IDA A. CURRIER, Appellant, *v.* HENRY W. POOR et al., Respondents.

1. FRAUD IN SALE OF CORPORATE BONDS — VALUE — INTEREST PAID REGULARLY. In an action for fraud in the sale of corporate bonds, based upon alleged false representations of material facts as to their value, the fact that interest has been regularly paid upon the bonds is not conclusive evidence against the plaintiff on the question of damages, but is only a circumstance bearing upon the question of value.

2. REDRESS FOR FRAUD. When one has been induced by fraud to purchase corporate bonds that have no substantial or adequate property security behind them, he may have redress for the fraud without waiting for default in the payment of interest.

*Currier* v. *Poor*, 84 Hun, 45, reversed.

(Submitted March 4, 1898; decided March 22, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the first judicial department, entered February 25, 1895, affirming a judgment in favor of defendants entered upon a dismissal of the complaint on trial at Circuit.

This action was brought to recover the amount alleged to have been paid for five second mortgage bonds of the Knickerbocker Brewing Company, the purchase whereof was claimed to have been induced by false representations made by the defendants to the plaintiff's agent.

The facts, so far as material, are stated in the opinion.

*G. E. Waldo* for appellant. It was error to direct a nonsuit before the close of the plaintiff's case. (6 Am. & Eng. Ency. Pl. & Pr. 941; *Carrier* v. *Dorrance*, 19 S. C. 30; *Rogers* v. *Madden*, 2 Baily [S. C.], 321, 323; *Ellis* v. *O. L. Ins. Co.*, 4 Ohio St. 628; *Hickman* v. *King*, Cheves [S. C.], 138; 2 Rumsey's Pr. 266; *Lomer* v. *Meeker*, 25 N. Y. 361; *Rudd* v. *Davis*, 3 Hill, 287; 7 Hill, 529; *Ernst* v. *H. R. R. R. Co.*, 24 How. Pr. 97; *Hansen* v. *Burt*, 10 Misc. Rep. 235; *Miller* v. *House*, 63 Iowa, 82; *Minzesheimer* v. *Bruns*, 1 App. Div. 324.) Defendants on appeal must stand on the grounds for dismissal stated in their motion. (*Binsse* v. *Wood*,

37 N. Y. 526; *Trustees of St. Mary's Church* v. *Cagger*, 6 Barb. 576; *Castle* v. *Duryea*, 32 Barb. 480; *Underhill* v. *Pomeroy*, 2 Hill, 603; 7 Hill, 388; *Booth* v. *Bunce*, 31 N. Y. 246; 2 Rumsey's Pr. 290; *Webb* v. *Odell*, 49 N. Y. 583; *Folk* v. *Beeckman*, 2 N. Y. Supp. 650; *Devoe* v. *Brandt*, 58 Barb. 493; *Flandrow* v. *Hammond*, 148 N. Y. 129; *Quinlan* v. *Welch*, 141 N. Y. 159; *Lafka* v. *Levensohn*, 18 Misc. Rep. 202; *Knell* v. *Stephan*, 48 N. Y. S. R. 190; *Werner* v. *City of Rochester*, 149 N. Y. 563.) The complaint stated a cause of action and could not properly be dismissed before close of plaintiff's case. (16 Am. & Eng. Ency. of Law, 737; *Walker* v. *Supple*, 54 Ga. 178; *Wilson* v. *P. P. Co.*, 14 Misc. Rep. 514; *Johnson* v. *Girdwood*, 7 Misc. Rep. 651, 652; *Sheridan* v. *Jackson*, 72 N. Y. 170; *Kley* v. *Healy*, 127 N. Y. 555; *Wetmore* v. *Porter*, 92 N. Y. 76; *Stewart* v. *Hamilton*, 3 Robt. 672; *Treadwell* v. *Deming*, 10 Misc. Rep. 232.) The plaintiff is entitled to maintain this action before maturity of the bonds. (Code Civ. Pro. § 382, subd. 5; *Miller* v. *Wood*, 116 N. Y. 351; *Cross* v. *Devine*, 46 Hun, 421; *Thomas* v. *Dickinson*, 67 Hun, 351; 47 N. Y. S. R. 209; *Vail* v. *Reynolds*, 118 N. Y. 302; *Yeomans* v. *Bell*, 151 N. Y. 230; *Currier* v. *Poor*, 84 Hun, 45.)

*Adrian H. Joline* for respondents. The complaint was properly dismissed because the testimony showed that plaintiff had sustained no actual injury or damage. (*Kountze* v. *Kennedy*, 25 N. Y. Supp. 682; *M. R. R. Co.* v. *M. R. Co.*, 11 Daly, 373; *Vail* v. *Reynolds*, 118 N. Y. 297; *Stevens* v. *Hyde*, 32 Barb. 171; *Brackett* v. *Griswold*, 112 N. Y. 454; 3 Wait's Act. & Def. 442; *Taylor* v. *Guest*, 58 N. Y. 262; *Stevens* v. *Huber*, 52 N. Y. S. R. 856; Pomeroy Eq. Jur. [2d ed.] § 898; Kerr on Fraud & Mistake, 325.)

O'BRIEN, J. The plaintiff, in her complaint in this action, alleged that she was induced, by fraudulent representations on the part of the defendants, to purchase five $1,000 bonds of a corporation. The fraudulent representations were said to be that they were better than railroad bonds; that the security

44

was safer and better; that they had been issued for full value; that the real estate alone of the corporation, upon which they were a lien, was worth more than the amount of the first and second mortgages upon it; that they were readily negotiable, and that the defendants could at any time get the plaintiff's money, which she was about to invest, back for said bonds.

It is alleged that these statements were false, and known by the defendants to be false, and made for the purpose of inducing the plaintiff to purchase the bonds; that she did purchase them at par, relying on the truth of these statements; that, in fact, they were not marketable or negotiable, and were not issued for full value, but had been purchased by the defendants at fifty cents on the dollar, viz., for $2,500; that the real estate upon which they were a lien was not worth the amount of the prior and first mortgage, which amounted to $700,000; that it was worth less than $500,000, and could not be sold for that sum; that the defendants, conspiring together for the purpose of floating the bonds and selling them to the public, organized the corporation that issued them; that at or prior to that organization it was agreed that the bonds should be issued to the defendants at fifty cents on the dollar. It was alleged that they were unsalable and of very little value; that the plaintiff, upon the discovery of the fraud, demanded from the defendants the sum she had paid for the bonds, viz., $5,000, and tendered them back to the defendants, and that they declined to receive them, or to refund the money which the plaintiff had paid for them. The complaint concludes with a prayer for a judgment against the defendants for $5,000, with interest from the time the money had been paid for the bonds.

This complaint was treated at the trial as one in an action, not for rescission, but for the recovery of damages. Whether that was the correct view of the nature of the action or not, is not now very material. The plaintiff, at the trial, gave proof tending to establish the representations as stated in the complaint. It appeared in the course of the trial that the interest on the bonds had been regularly paid. Whereupon

the defendants' counsel, while plaintiff's counsel was proceeding with his case, moved the court to dismiss the complaint at that stage of the case, on the ground that it appeared from the testimony already given that the plaintiff had sustained no damage whatever, inasmuch as she still held the bonds and the interest had been regularly paid. Thereupon the court inquired of the plaintiff's counsel whether he had any further testimony on the question of representations. The counsel replied that he had none, but that he still had evidence to show that the representations were false as to the value of the property, as to the fact that the bonds were issued for full value and as to their value in the market. The court then remarked that it would be useless to proceed further, since, according to his views, the action could not be maintained; that it was apparent that no damage had thus far been shown or had been sustained by the plaintiff, inasmuch as the interest had been regularly paid for a number of years ever since the plaintiff purchased them, except on one occasion, when there was a default of twenty-eight or thirty days. The court, then, dismissed the plaintiff's complaint, on the ground that the regular payment of interest showed that no damages could be recovered. To this ruling the plaintiff's counsel excepted.

We think the ruling of the learned trial judge was erroneous. The complaint stated a cause of action, either for the rescission of the transaction or for damages. Some of the representations as to the bonds, stated in the complaint, might be construed to be simple expressions of opinion; but others were statements of material facts concerning the value of the property which the plaintiff was about to purchase. She had a right to prove, if she could, that these representations were false, and so known to the defendants, and that she relied upon them in making the purchase. The fact that the interest had been paid regularly was not conclusive evidence against the plaintiff on the question of damages. The fact that interest has been regularly paid for some years upon corporate bonds does not conclusively prove, by any means, that they are marketable bonds, or that they are adequate security for the

money invested. That was only a circumstance bearing upon the question of value. It sometimes happens that interest is regularly paid upon corporate bonds that have, in fact, no adequate security behind them to which the creditor can resort for the payment of the principal when it becomes due.

It may be true that interest is paid for years on bonds of a corporation and yet one who has purchased them at par be grossly defrauded in the purchase, and when a party who has been induced by fraud to purchase bonds that have no substantial or adequate property security behind them he may have redress for the fraud without waiting for the inevitable day when default will be made in the payment of interest. The mere payment of interest on a debt does not show that it is secured or that the debtor is then or ever will be able to pay the principal. The damage that a purchaser of such securities suffers by the fraud is capable of being ascertained when he learns the true condition of the corporation and the property upon which the mortgage bonds are liens. Where fraud has been committed in such a sale the right of action is not dependent upon the payment or default of interest. It depends on proof of fraud in the sale of personal property in the form of corporate securities, and the payment of interest is only a circumstance in the disposition of such an issue. If the plaintiff could have established the allegations of her complaint to the satisfaction of the jury she would be entitled to recover, notwithstanding the fact that the interest payments had been regularly made. The prompt payment of high interest is no sign that the security is good, at least no conclusive proof, and is sometimes an indication to the business world that it is not.

It may be that the plaintiff would not have been able to make out her case; but the difficulty here is that she was not permitted to put in the proof which she had. It might have been a case, in the end, for a nonsuit; but the ruling of the trial court in advance of the plaintiff's full case, that she could not recover because interest had been regularly paid, cannot be sustained. The plaintiff should have been permitted to

give all the proof which she had that would tend to show that the statements made by the defendants upon the sale of the bonds were false and fraudulent, to her injury.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Parker, Ch. J., not sitting, and Gray, J., dissenting.

Judgment reversed, etc.