Gordon C. Cooke, Appellant, v. Robert B. Colman, Respondent.

Supreme Court, Appellate Term, First Department, January 25, 1934.

*Norman H. Samuelson,* for the appellant.

*Adolf F. Grossman,* for the respondent.

CALLAHAN, J. Plaintiff appeals from an order and judgment dismissing his complaint and from an order vacating an order of arrest. The ground of dismissal was that the complaint failed to state facts sufficient to constitute a cause of action.

The plaintiff sued for damages for fraud. The complaint alleges that the plaintiff by false representations was induced to loan defendant $2,750, receiving certain notes and a chattel mortgage as security for the loan; that defendant falsely represented that he was the owner of a certain printing machine which was part of the property mortgaged; that the notes received are not yet due and that the balance of the chattels mortgaged other than the printing machine are of little value. It contains the requisite allegations as to scienter, and states that the plaintiff has been damaged in the amount of $2,750.

The court below held that until the due dates of the notes and mortgage it would be impossible to determine whether plaintiff had suffered any damage and that in the absence of any showing of pecuniary damage the complaint failed to state a cause of action.

It is true that fraud without damage gives no right of action, but fraud from which flows even nominal damage has been held actionable. (*Northrop* v. *Hill,* 57 N. Y. 351; *Isman* v. *Loring,* 130 App. Div. 845.) Where one is induced to enter into a contract by fraud a cause of action for damages arises immediately upon commission of the fraud. When a note is received as part of such a fraudulent transaction the one defrauded is not required to wait until the maturity of the note to bring suit for damages. (*Thomas* v. *Dickinson,* 67 Hun, 350.)

The present suit, therefore, is not premature and the complaint must be held sufficient if it alleges any damages flowing from the fraud, as the other allegations necessary in such an action are adequately pleaded. The complaint, in addition to a general statement that plaintiff has suffered damage, states that plaintiff has been deprived of some of the security contracted for and that

the chattels mortgaged other than the printing machine are of little value.

There are authorities in other jurisdictions holding that one who is induced to lend money on the false representation of the borrower that he is the owner of certain collateral pledged as security for the loan is damaged by being deprived of the amount of security contracted for. (*Briggs* v. *Brushaber*, 43 Mich. 330; *Zimmern* v. *Blount*, 238 Fed. 740.) And it has been held in this State that one who is induced to buy bonds by false representation is entitled to sue for damages before there has been any default in the payment of the principal or interest of the bonds. (*Currier* v. *Poor*, 155 N. Y. 344.) It is not essential to the validity of a complaint that it state a correct measure of damages. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199.) It is sufficient in this case that the complaint alleges some damage due to the fraud.

Judgment and orders reversed, with costs, and motions denied.

HAMMER and SHIENTAG, JJ., concur.