■ JAY S. BIELAT, Appellant, v BARRY MONTROSE et al., Respondents. [707 NYS2d 636] —Order, Supreme Court, New York County (Louise Gruner-Gans, J.), entered September 30, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion with respect to plaintiff's claim to recover in quantum meruit and to reinstate that claim to the extent indicated herein, and otherwise affirmed, without costs.

Plaintiff alleged that he had entered into a law partnership with defendants, but the record is devoid of documentary evidence supporting his claim. While, generally, the court will accept the evidence of the party opposing summary judgment as true (*see, Weiss v Garfield*, 21 AD2d 156, 158), where, as here, the evidence is utterly inconsistent with the factual recitation of the party in opposition, summary judgment will be granted (*Merchants Natl. Bank & Trust Co. v Syracuse Eagles Hockey Club Corp.*, 58 AD2d 1004, *lv dismissed* 43 NY2d 642). It is evident that any partnership between the parties was to await the outcome of plaintiff's efforts to recruit clients, notwithstanding that defendants gave plaintiff free office space and ancillary services. Plaintiff's version of the facts, particularly in the absence of a partnership agreement, is not sustainable.

Although plaintiff has no claim based upon the existence of a partnership, we cannot say as a matter of law that he has no claim to recover in quantum meruit for his review and note-taking with respect to approximately 50 files belonging to defendants, and other work purportedly performed. Whether the work performed was authorized by defendants, or had any value, are questions that cannot be answered on this record, but the elements of a claim can be gleaned (*see, Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237). Consequently, we modify to permit plaintiff to proceed with his quantum meruit claim to the extent that such claim seeks to recover for review work

performed on the above-mentioned files and any other work purportedly performed. Concur—Nardelli, J. P., Tom, Rubin, Andrias and Buckley, JJ. [As amended by unpublished order entered Aug. 31, 2000.]