■ ELIZABETH SUERO, Appellant, v FORT I GROUP, L.P., et al., Defendants, and NORTHWEST MANAGEMENT CORP. et al., Respondents. [761 NYS2d 3] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about July 12, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

According to plaintiff, the alleged false representations, that she was a rent-stabilized tenant, were made (she does not specify by which defendant) between 1977 and 1988; although plaintiff maintains that the fraud continued until 1995, there is no evidence to that effect. Because plaintiff did not sue until 1996, eight years after the last representation and more than two years after she became cognizant of facts from which the

alleged fraud could reasonably have been inferred (*see Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321, 326 [1957]; *K&E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346, 347 [1991])—plaintiff having in 1992 signed a lease clearly stating that her apartment was not rent-stabilized—her fraud claim is time-barred pursuant to CPLR 213 (8) and 203 (g). Plaintiff's assertion that she did not discover, until 1995, that she lived in a deregulated apartment is contrary to the documentary evidence and thus did not preclude the motion court's grant of summary judgment (*see Bielat v Montrose,* 272 AD2d 251 [2000]).

Plaintiff contends that she could not have sued for fraud until 1995, when her rent was increased above the guidelines for rent-stabilized apartments, because she suffered no damages before that date. However, "[w]here one is induced to enter into a contract by fraud[,] a cause of action for damages arises immediately upon commission of the fraud" (*Cooke v Colman,* 150 Misc 294, 295 [1934]; *see also* 60A NY Jur 2d, Fraud and Deceit § 196). Thus, an action for fraud could have been brought in 1977, following the first alleged misrepresentation.

Plaintiff has not shown that she was denied discovery "essential" to oppose defendants' summary judgment motion (*see* CPLR 3212 [f]).

Plaintiff's argument that the motion court's decision must be reversed because defendants' conduct violates public policy is without merit. She lacks standing to challenge the conversion of 270 Fort Washington Avenue into a co-op because she did not live there at the time of the conversion (*see Tenants United at: 20 Magaw Place v Attorney Gen. of State of N.Y.,* 260 AD2d 161, 161-162). Moreover, she has withdrawn her appeal against both the cooperative corporation and the owner of the shares pertaining to her apartment. Finally, we note that the Attorney General has declined to prosecute defendants in connection with the conversion, which took place in 1971. Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.