Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered May 2, 2012, awarding plaintiff the principal sum of $704,066.41, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered March 12, 2012, which granted plaintiffs motion for summary judgment in lieu of complaint and denied defendant’s cross motion for summary judgment dismissing the action or, in the alternative, for a stay, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff’s motion for summary judgment denied, and plaintiff is directed to file a complaint within 30 days of entry of this order.
Plaintiffs motion brought pursuant to CPLR 3213 to enforce a Spanish court’s award of damages as against defendant who improperly commenced a proceeding to arrest plaintiffs ship in Spain should not have been granted.
A motion for summary judgment in lieu of a complaint (CPLR 3213) is based on an “instrument for the payment of money only or upon any judgment.” The statute allows a plaintiff an expedited procedure for entry of a judgment by filing and service of a summons and a set of motion papers that contain sufficient evidentiary detail for the plaintiff to establish entitlement to summary judgment (see David D. Siegel, Practice *416 Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213-.8).
CPLR 5302 provides that New York will recognize foreign decrees that are “final, conclusive and enforceable where rendered even though an appeal therefrom is pending.” Here, the parties’ Spanish law experts disagree as to whether the document here, denominated a “ruling” (“auto” in Spanish), is enforceable as a judgment. Both agree that no enforcement proceeding has been commenced in Spain. Defendant’s legal expert asserts that under articles 538 and 811 of the relevant Spanish law, plaintiff must petition the Spanish court upon notice, to “convert” the ruling into a judgment, at which point it becomes enforceable. Plaintiffs legal expert asserts that because defendant allegedly has no assets in Spain, no enforcement proceeding in Spain is necessary and that in Spanish law, there are different types of court decisions depending on the nature of the proceeding, and this “auto” under section 456.2 of the Civil Proceedings Act (LEG), is an “auto definitivo,” that is, a ruling that can be immediately enforced as a judgment.
When deciding a motion for summary judgment, the court’s function is issue finding rather than issue determination (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). The evidence is construed in the light most favorable to the one moved against (Bielat v Montrose, 272 AD2d 251 [1st Dept 2000]). It was error for the motion court, faced with a document entitled an “auto” and a battle of the Spanish law experts on how to treat such a ruling, to find as a matter of law that the affidavit of plaintiffs expert was more persuasive and credible than that of defendant’s expert without affording defendant the opportunity to test at a hearing or trial the expert’s credentials, experience, demeanor, and interest or bias, if any, through cross-examination. The conflicting evidence as to whether the ruling is final, conclusive and enforceable in Spain precludes plaintiff from obtaining an accelerated judgment pursuant to CPLR 3213. Accordingly, the court should have denied plaintiffs motion.
Although not essential to our determination that summary judgment should not have been granted to plaintiff, we have considered defendant’s alternative argument regarding the sufficiency of plaintiffs moving papers. The papers did not include a copy of the actual “instrument for the payment of money” and instead contained what appears to be an uncertified English translation of the Spanish court’s ruling. The motion court granted plaintiff an adjournment to supplement its papers, and plaintiff submitted a certified copy of the Spanish-language doc *417 ument, a certified English translation that corrected the name of the document, originally called a “brief,” to “ruling,” and an affidavit by a Spanish legal expert discussing the law.
There is no absolute rule that on a CPLR 3213 motion, a plaintiff cannot supplement its papers in response to a defendant’s arguments, so as to establish its entitlement to summary judgment in lieu of complaint. “Nothing that is curable by the mere addition of papers should result in a denial of the motion, unless it is a denial with leave to renew on proper papers” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:8). “Mere omissions from the affidavits” that can be rectified by filing and serving additional affidavits should be cured by a continuance or adjournment in order for the additional affidavits to be served and filed (id.). Thus, in Shaw v Krebs (85 AD2d 913 [4th Dept 1981]), CPLR 3213 relief was denied because the certified copy of the clerk’s minutes was not a substitute for a certified copy of the judgment. However, in European Am. Bank & Trust Co. v Schirripa (108 AD2d 684 [1st Dept 1985]), the failure to attach copies of underlying promissory notes to an unconditional guarantee was not fatal, where the instrument and an affidavit of nonpayment were submitted. In Matapos Tech. Ltd. v Compania Andina de Comercio Ltda (68 AD3d 672 [1st Dept 2009]), where the defendant “had made an issue of’ missing endorsements to the subject notes, the motion court properly allowed the plaintiff to submit a supplemental affidavit containing the endorsements that had been inadvertently omitted from the initial moving papers.
Here, defendant had an opportunity to address the merits of the later-submitted documents, in the form of a reply in the cross motion, and therefore plaintiffs failure initially to include all the documents did not result in prejudice to defendant and require denial of the motion (see Matter of Kennedy v Mobius Ready Holdings LLC, 33 AD3d 380, 382 [1st Dept 2006]).
Defendant never argued below that public policy precludes recognition of the award; accordingly, the argument is waived (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 101 [1st Dept 2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]). In any event, the argument is unavailing, as the cause of action on which the damages award is based is not “repugnant to the public policy of this state” (CPLR 5304 [b] [4]).
Upon denial of a plaintiffs motion for summary judgment in lieu of complaint “the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court *418 orders otherwise” (CPLR 3213). Here, given that the initial motion papers were supplemented as discussed above, it is appropriate to direct plaintiff to file a formal complaint.
We have considered defendant’s remaining arguments and find them unavailing. Concur — Acosta, J.P, Renwick, Richter and Feinman, JJ.