## SCHNURMACHER v. KENNEDY.

(Supreme Court, Appellate Term. June 23, 1904.)

1. SALES—WARRANTY OF TITLE—ACTION AGAINST VENDEE.
    Where the seller of a horse with warranty of title is notified by his purchaser of an action against him, and refuses to have anything to do with it, the refusal excuses a formal demand to defend.

2. SAME—FAILURE OF TITLE—MEASURE OF DAMAGES.
    Where the seller of a horse with warranty of title is afforded an opportunity of defending an action brought against his purchaser, and does not defend the action, he is bound by the result thereof, so far as concerns the value of the horse, which was necessarily involved in the action.

3. SAME—COSTS.
    The seller was also liable for the costs of the action because their imposition on the seller was the natural and proximate consequence of the sale with a false warranty.

4. SAME—COUNSEL FEES.
    Counsel fees paid by the seller were not recoverable in the absence of evidence that they were reasonable.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lippman Schnurmacher against William Kennedy. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

L. Barton Case, for appellant.
J. Van Vechten Olcott, for respondent.

SCOTT, J. The evidence is sufficient to warrant the conclusion that plaintiff notified defendant of the action brought by Stonitsch, and that defendant refused to have anything to do with it. This refusal excuses the lack of a more formal demand upon defendant to defend the action. Under these circumstances the plaintiff was entitled to recover the amount of the judgment recovered against him, with interest. The defendant having sold the horse with a warranty of title, and having had an opportunity afforded him to defend the action brought against his vendee, is bound by the result of that action so far as concerns the value of the horse, which was necessarily involved in the action. The measure of damage in the case of a warranty of title is primarily the value of the article sold. The defendant had an opportunity to litigate the question of that value, but declined to do so. He cannot now be heard to say that the value was less than the amount found by the court. The defendant is also liable for the costs of the action included in the judgment, because their imposition upon plaintiff was the natural and proximate consequence of defendant's sale with a false warranty. The counsel fees paid by plaintiff are not recoverable. Armstrong v. Percy, 5 Wend. 536; Reggio v. Braggiotti, 7 Cush. 166. Even if the more liberal rule contended for by plaintiff should prevail, still the plaintiff could not recover counsel fees in this action, since no evidence was offered as to the reasonableness of the fees paid.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.