Merrimack, }
Oct. 4, 1921. }

### JOEL WRIGHT & a. v. ARAH W. NOYES & a.

In case for deceit, it is only necessary for the party defrauded to show that in relying upon the fraudulent representation he honestly believed it to be true, and his negligence is not a defence.

An agent's right of action for a commission for effecting a sale accrues upon the consummation of the sale.

When a question of law is reserved upon a statement of facts in lieu of a *verbatim* report of the testimony, and the grounds of exceptions are specifically stated without enlarging words, the parties are necessarily limited to those grounds.

CASE, for deceit to recover $312.50 paid by the plaintiffs to the Manchester Farm Agency as the commission for effecting the sale of the plaintiffs' farm in Pembroke to the defendants. Trial by jury and verdict for the plaintiffs.

At the close of the plaintiffs' case and at the close of the evidence, the defendants moved for a nonsuit and for a directed verdict. The motions were denied, and the defendants excepted. The facts and the grounds of the motions appear in the opinion. Transferred from the October term, 1920, of the superior court by *Sawyer*, J.

*Foster & Lake*, for the plaintiffs.

*Nathaniel E. Martin*, for the defendants.

SNOW, J. The plaintiffs placed their farm for sale in several agencies, among them that of E. S. George, doing business as the Manchester Farm Agency, reserving the right in each case to place it with other agents or to sell it themselves. They advertised it under their own name. The defendants claimed to have seen the plaintiffs' advertisement, and interviewed them in person as to price. Upon the defendants' assurance that they had not seen any agent, the plaintiffs reduced the price by the amount of the agent's commission and entered into a written agreement of sale with the defendants which the plaintiffs regarded as binding. The plaintiffs' evidence tended to prove that the defendants had previously seen Mr. George, who gave them a description of the premises, the terms of sale, and a key to gain admittance for purpose of inspection, and tried to effect a sale to them.

The defendants' motions for a nonsuit and for a directed verdict were based on the fact that after the agreement for sale was made and prior to the passing of the deeds, the plaintiffs had learned that Mr. George claimed that the defendants were his customers and that he would claim a commission if the property was conveyed to them. Defendants contend that the plaintiffs should have notified defendants of George's claim; that plaintiffs' failure to do so was a fraud on their part, and being guilty of fraud themselves, plaintiffs are now estopped to claim fraud on the part of the defendants; that such failure was a waiver of any claim against defendants to recover the commission paid George.

It cannot be said as a matter of law that the plaintiffs should have pursued the course suggested by defendants' counsel. The rule governing the plaintiffs' conduct only required them to do what reasonable men would have done under the circumstances in which they were placed. They were confronted by a situation in which they were obliged to act. Relying upon the defendants' statement that they had not seen any agent with whom the property had been

listed, the plaintiffs had drawn up and entered into the agreement with the defendants for the sale of the property at a reduced price. Afterwards learning that George claimed the defendants as his customers and that he would claim a commission if the place were sold to them, plaintiffs again inquired of both defendants if they had seen any real estate agent having the property for sale before bargaining for it with the plaintiffs, and both denied having had any communication with any such agent. It cannot be said as a matter of law that reasonable men might not have accepted as final such a sweeping denial as to facts concerning which defendants could not have been mistaken and which they could not have forgotten. That the plaintiffs did what reasonable men would have done under the circumstances is settled by the verdict of the jury. That the jury might on the evidence have found to the contrary raises no question of law.

Defendants further argue that plaintiffs cannot recover, because they failed to "act with reasonable prudence." If contributory negligence were a legal defence to the action, the plaintiffs were not bound "to exhaust all the sources of information, but to give due attention to those to overlook or disregard which would be negligence. . . . It is not the exercise of caution which the law in this respect requires; it is only the absence of negligence." *Hoitt* v. *Holcomb*, 32 N. H. 185, 205. But the evidence tends to sustain the plaintiffs' allegations that the false representations were made with the intention to mislead the plaintiffs. It is now settled in this state that "in an action for an intentional wrong contributory negligence is not a defence." *Bachman* v. *Insurance Co.*, 78 N. H. 100, 106. "The law makes it the duty of every one to use ordinary care to avoid being injured by another's negligence; but it imposes on no one the duty to use such care to avoid being injured by another's intentionally wrongful act. In actions for negligence, contributory negligence is a defense; in actions for intentional injuries, it is not." *Cunningham* v. *Company*, 74 N. H. 435, 437. "If the misrepresentation is made with a fraudulent intent, it is only necessary for the party defrauded to show that in relying upon the representation he honestly believed it to have been true." *Conway Nat. Bank* v. *Pease*, 76 N. H. 319, 328; *Bachman* v. *Insurance Co.*, *supra*. It could be found that the plaintiffs believed that the defendants were telling the truth.

The defendants rely in their brief, as an additional ground for their motions, upon the fact that the plaintiffs did not pay the com-

mission to the agency until a few days before trial, and contend that the suit was, therefore, prematurely brought. When a question of law is reserved upon a statement of facts in lieu of a *verbatim* report of the testimony, and the grounds of exceptions are specifically stated without enlarging words, the parties are necessarily limited to those grounds. It cannot be presumed that all material facts are reported upon a question thus impliedly excluded from consideration. *Rowell* v. *Chase*, 61 N. H. 135, 136; *Douyette* v. *Railway*, 69 N. H. 625, 626.

Assuming, however, that defendants have lost no rights by proceeding to trial and verdict without raising this issue by appropriate pleadings (Rule 19, superior court) and that this question was intended to be saved to defendants, it does not follow from the facts reported that the suit was brought prematurely. There was evidence upon which it could be found that the Manchester Farm Agency was the procuring cause of the sale and that liability to the agency for the amount of the commission attached to the plaintiffs upon the consummation of the sale and delivery of the deed. Such liability and not the liquidation of it constituted the damages to the plaintiffs. The right of action accrued to the plaintiffs when their liability to the agency attached. The payment before trial only made more certain the proof of damage which otherwise must have been established upon less satisfactory evidence. *Salinger* v. *Salinger*, 69 N. H. 589, 592.

*Exceptions overruled: judgment for the plaintiffs.*

All concurred.