McCONKEY REALTY CORPORATION, Respondent, *v.* ALFRED WILDER-MUTH, Appellant.  (No. 1.)

Fourth Department, November 11, 1925.

Mortgages — assignment of real property mortgage — action to recover from assignor difference between amount due and amount covenanted by assignor to be due — complaint alleges that assignor covenanted that $6,500 was due and unpaid, that assignee paid that amount in reliance on covenant, that mortgage was building loan mortgage and that only $5,775 had been advanced, and that entire amount due on mortgage has been paid — complaint is sufficient — plaintiff has burden of establishing original obligor's defense.

In an action by an assignee of a real property mortgage to recover the difference between the amount covenanted by the assignor to be due and unpaid and the amount actually due and unpaid, the complaint is sufficient which alleges that the assignor covenanted that $6,500 of principal and a certain amount of interest was due and unpaid on the mortgage; that the assignee in reliance upon said covenant paid to the assignor the full face value of the mortgage; that the mortgage was given by the mortgagor in connection with a building loan agreement by the terms of which only a part of the sum to be secured by the mortgage was advanced to the mortgagor at the time the mortgage was made, and that up to the date of the assignment the total sum advanced was $5,775; that the mortgagor has paid the full amount of the principal sum of $5,775 and interest, and that the assignee has suffered damage to the amount of the difference between the amount paid by him and the amount due and unpaid on the mortgage at the time of the assignment.

The covenant warrants the validity of the obligation for the full sum mentioned in it and it was not necessary for the assignee to bring an action to recover the amount covenanted to be due, for it had the right to accept the amount actually due on the mortgage and to recover the difference from the assignor, in which case it was necessary for it to establish the sufficiency of the original obligor's defense to the full amount covenanted by the assignor to be due.

APPEAL by the defendant, Alfred Wildermuth, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 5th day of June, 1925, denying defendant's motion for judgment on the pleadings dismissing the complaint.

*Albert W. Plumley,* for the appellant.

*Wilbur B. Grandison* [*Philip A. Laing* of counsel], for the respondent.

SEARS, J.:

By motion for judgment on the pleadings the defendant has challenged the sufficiency of the complaint. It appears from the pleading that the defendant has assigned to the plaintiff a certain bond and mortgage which according to their terms secured the payment of $6,500 and interest. In the written assignment from defendant to the plaintiff the defendant covenanted that there was due and unpaid on the bond and mortgage the sum of $6,500 of principal and $155.46 of interest. The plaintiff paid as consideration for the assignment the full amount covenanted to be due and unpaid. It is also alleged that the covenant was untrue and there was only due and owing and unpaid on the bond and mortgage at the time of the assignment the sum of $5,775 principal and $138.02 interest. The complaint particularizes this last mentioned allegation by setting forth that the bond and mortgage were given to the defendant in connection with a building loan agreement by the terms of which only a part of the sum to be secured by mortgage was advanced to the mortgagor at the time the mortgage was made and that up to the date of the assignment the total sum advanced to the mortgagor was $5,775. The complaint further alleges that the assignment was taken by the plaintiff in reliance upon the covenant; that no further sum was ever advanced upon the mortgage and that the plaintiff has heretofore collected the entire sum owing upon the bond and mortgage, namely, the principal sum of $5,775 and interest thereon and that the mortgage has thus been paid in full, and that damage has been suffered by the plaintiff to the amount of the difference between the sum paid by the plaintiff and the amount actually secured by the bond and mortgage, together with interest.

It is the defendant's contention that suit cannot be maintained upon the covenant because the complaint fails to show that the plaintiff has brought an action to realize upon the mortgage security and been defeated in part, for, he says, in the absence of such judicial determination, no damages are shown.

The covenant in question is not a guaranty either of the payment or collection of the obligation assigned. It is merely what its language expresses, a warranty of the validity of the obligation for the full sum mentioned in it.

In many cases it has been held that a warranty similar to this covenant will be implied from the mere assignment. (*Furniss* v.

McConkey Realty Corp. *v.* Wildermuth.   No. 1.   **397**

App. Div. 395]        Fourth Department, November, 1925.

*Ferguson*, 15 N. Y. 437; *Converse* v. *Miner*, 21 Hun, 367; *Binswanger* v. *Hewitt*, 79 Misc. 425; *Flandrow* v. *Hammond*, 148 N. Y. 129; 5 C. J. 968.) Where an action for deceit is based upon such a representation fraudulently made, the right of action is said to accrue at the time the fraudulent representation is made. (*Converse* v. *Miner*, *supra; Delaware Bank* v. *Jarvis*, 20 N. Y. 226.) But where the action as here is based upon the breach of the covenant without reference to fraud, the assignee of the obligation to recover must in some way have established the invalidity of the obligation in whole or in part as between himself and the original obligor as a condition precedent to his suit. (*Converse* v. *Miner*, *supra; Trustees of Broaddus Institute* v. *Siers*, 68 W. Va. 125.)

The covenant in this respect is analogous to the warranty of title in a sale of personal property. (*Miners' Bank* v. *Burress*, 164 Mo. App. 690; *Delaware Bank* v. *Jarvis*, *supra;* 5 C. J. 967.) In an action for breach of a warranty of title by a vendee of chattels against the vendor it is thoroughly established that while the vendee's complete possession must have been terminated to enable him to maintain his action, such termination of possession need not be by virtue of a judicial determination. Possession may be surrendered to a paramount title, in which case, however, the plaintiff in seeking to recover on the warranty must prove that the title to which he yielded was superior to that which he received from the defendant. (*Bordwell* v. *Collie*, 45 N. Y. 494; *Cahill* v. *Smith*, 101 id. 355, 357; *O'Brien* v. *Jones*, 91 id. 193, 197; *National Metal Edge Box Co.* v. *Gotham*, 125 App. Div. 101.) While the vendee of chattels may, therefore, yield to a paramount title without risking the loss of his claim upon the covenant, he is not obliged so to do, but may await legal action, and, if after giving the vendor the opportunity to defend him, he defends himself in good faith, he may collect any costs awarded against him as an element of damage in the action on the breach of warranty. (*Schnurmacher* v. *Kennedy*, 88 N. Y. Supp. 943; 35 Cyc. 480.)

Applying these principles to a warranty in the assignment of a chose in action, we find that the assignee in case he resorts in good faith to legal proceedings to collect the assigned claim and is defeated may recover his expenses from his assignor in the action for breach of the warranty. (*Delaware Bank* v. *Jarvis*, *supra; Phœnix Ins. Co.* v. *Parsons*, 129 N. Y. 86.) However, he need not resort to legal proceedings but may yield to the rights of the original obligor without bringing action, thus minimizing the damages. (*Converse* v. *Miner*, *supra.*) He then assumes the burden when seeking to recover on the warranty of establishing the sufficiency of the original obligor's defense.

The complaint in the present case sufficiently alleges the breach of the covenant as determined by the relations between the plaintiff and the mortgagor, and the damage resulting therefrom.

The order should be affirmed, with ten dollars costs and disbursements.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Order denying motion for dismissal of complaint affirmed, with ten dollars costs and disbursements.