In the Matter of the Application of BICKFORD's, INC., Respondent, for an Order Directing JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, Appellant, to Pay over Certain Funds Now at the Bank of United States.

First Department, February 11, 1932.

*Harold N. Cohen* of counsel [*Arthur Ofner* and *Warren C. Fielding* with him on the brief; *Carl J. Austrian*, attorney], for the appellant Joseph A. Broderick, as Superintendent of Banks of the State of New York.

*David B. Stillman* of counsel [*White & Stillman*, attorneys], for the respondent Bickford's, Inc.

McAVOY, J. The petitioner sought an order directing the Superintendent of Banks to pay to it the sum of $99,166.45, the proceeds of twenty-five checks drawn to the order of Bickford's, Inc., the petitioner herein, and indorsed by it for deposit to the credit of Bickford's, Inc., which checks were deposited in a branch of the Bank of United States, known as the Eighth Avenue branch, in the evening of December 8, 1930, and credited to its account under agreement that all items credited should be subject to actual receipt of final payment.

All of these checks were presented to the banks upon which they were drawn and paid to the Federal Reserve Bank of New York, which was the Clearing House agent of the Bank of United States, prior to three o'clock P. M. on December 10, 1930, the day before the Bank of United States closed.

These checks took the following course from the time they were deposited until their payment by the respective banks upon which they were drawn: Subsequent to their deposit, the checks were delivered to the Maiden Lane branch of the Bank of United States, no later than six P. M. of December 9, 1930. Such checks as were drawn upon members of the Clearing House were delivered by the Federal Reserve Bank of New York to the New York Clearing House on December ninth for collection. These checks were delivered by the Federal Reserve Bank to the Clearing House prior to ten o'clock on the morning of December 10, 1930, for collection from member banks of the Clearing House Association and were presented for payment at the Clearing House to the drawee member banks. The Bank of United States not being a member of the Clearing House, the Federal Reserve Bank acted as its agent to collect its checks drawn upon the member banks of the Clearing House Association.

Such checks as were drawn upon members of the Federal Reserve Bank of New York, not members of the Clearing House, were delivered to the Federal Reserve Bank by the Bank of United States not later than two o'clock A. M. of December 10, 1930.

At about nine-thirty in the morning of December 10, 1930, these checks were presented for payment by the Federal Reserve Bank to the various drawee banks, who were members of the Federal Reserve Bank but not of the Clearing House.

It will thus be seen that the checks involved were all collected on December 10, 1930, according to the course and practice of the banks which constituted the drawee banks liable upon the checks and prior to the closing of the bank; that is prior to three o'clock P. M. on December 10, 1930, the day before the bank was closed by the Superintendent of Banks.

The checks having been collected on December 10, 1930, prior to the closing of the bank, the relation of the bank and the depositor became that of debtor and creditor, and the plaintiff had no rights superior to other general creditors.

Proceeds of the checks were applied by the Federal Reserve Bank in extinguishment of the indebtedness due it from the Bank of United States. No moneys were received by the Bank of United States as a result of the exchange which embraced the particular checks involved. The fund which embraced petitioner's check was

exhausted by the action of the Federal Reserve Bank against its debtor, the Bank of United States, in offsetting this sum against the Bank of United States' indebtedness. The bank had only a deficit then with the Federal Reserve Bank in its general fund. The Superintendent of Banks never had possession of this fund. The checks involved in this proceeding could not be " traced, ascertained or identified." There was, therefore, no trust *res* which petitioner could have allocated to it of moneys collected by the Superintendent of Banks after the closing of the business of the bank on December 10, 1930.

The order should be reversed, with ten dollars costs and disbursements, and the application of petitioner denied, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.