## BICKFORD'S, Inc., v. FEDERAL RESERVE BANK OF NEW YORK et al.

District Court, S. D. New York.
May 15, 1934.

See, also, 5 F. Supp. 875.

Abraham H. Simon, of Brooklyn, N. Y., for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Theodore Kiendl, Ralph M. Carson, and Francis W. Phillips, all of New York City, of counsel), for defendant Federal Reserve Bank of New York.

Carl J. Austrian, of New York City (Arthur Ofner, Edward Feldman, and Warren C. Fielding, all of New York City, of counsel), for defendants Bank of United States and Joseph A. Broderick.

WOOLSEY, District Judge.

The bill of complaint is dismissed on the merits without leave to amend. The defendants may each have costs.

I. This is a suit in equity, by which the plaintiff seeks to impress a trust on the proceeds of certain checks, amounting to $99,-166.45.

II. The plaintiff is a corporation of New York, as is the defendant the Bank of United States. The defendant Joseph A. Broderick is a citizen of New York. The Federal Reserve Bank of New York is one of the regional banks created under the Federal Reserve System.

As both the Bank of United States and the defendant Broderick, at present custodian of its funds, are necessary parties to the suit in order to create any legal nexus whatever between the plaintiff and the Federal Reserve Bank of New York, and as the interests of the Bank of United States are adverse to those of the plaintiff, there does not exist here the diversity of citizenship requisite to jurisdiction on that ground in this court, and the jurisdiction thereof must therefore be sought on some other ground.

This is found in the Banking Act of June 16, 1933, which, *inter alia*, added subdivision b to section 25 of the Federal Reserve Act and now provides (title 12 United States Code, § 632 [12 USCA § 632]) as follows:

"Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. No attachment or execution shall be issued against any Federal Reserve bank or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. (Dec. 23, 1913, c. 6, § 25(b), as added June 16, 1933, c. 88, § 15, 48 Stat. 184.)"

930

■ This suit was instituted on August 26, 1933, some months after the statute above quoted came into force, and therefore, although the controversy arose before the amendment just mentioned, this court has jurisdiction of it (cf. Richard v. National City Bank, 6 F. Supp. 156, 158), because this is not an attempt by the parties to change by assignment or otherwise a controversy of which this court would not have jurisdiction into a controversy of which it would have jurisdiction, but is a change in jurisdiction made by the Congress to enable the Federal Reserve System to have any litigations in which it might become involved centered in the federal courts with an evident intention of promoting as much as possible uniformity of decision in causes involving Federal Reserve Banks.

III. The relief sought in the complaint is to impress a trust on the proceeds of certain checks deposited by the plaintiff with the Bank of United States for collection and credit, and sent on by it to the Federal Reserve Bank of New York for the same purpose.

[2] The checks in question were deposited after banking hours on December 8, 1930. The Bank of United States, which employed the Federal Reserve Bank of New York as its clearing house agent, delivered the checks to it in the usual course of business, and by the end of banking hours on December 10, 1930, all the checks had been collected by the Federal Reserve Bank of New York, for credit to the account of the Bank of United States. At that time, therefore, the relationship between the Bank of United States and the Federal Reserve Bank, in respect of the money so collected, was that of debtor and creditor. In re Jarmulowsky, 249 F. 319, 321, 322, L. R. A. 1918E, 634 (C. C. A. 2); Goshorn v. Murray, 210 F. 880, 882 (C. C. A. 3).

On December 11, 1930, the defendant Broderick in his capacity as superintendent of banks closed the Bank of United States.

■ The Federal Reserve Bank, to which the Bank of United States was then heavily indebted, offset against the amount which the Bank of United States owed to it the sums collected on plaintiff's checks and on other checks similarly collected. In doing so it was quite within its rights for in a situation like this it was vis-à-vis banks which were members of the Federal Reserve System, as was the Bank of United States, an agent for collection and credit only. Cf. title 12 United States Code, § 342 (12 USCA § 342), and Regulation J of Federal Reserve Board, § IV, promulgated under authority of 12 United States Code, § 248 (12 USCA § 248).

■ Indeed, the Federal Reserve Bank, in the absence of any agreement to the contrary, was invested with a lien on the checks sent to it by the Bank of United States in ordinary course of business for any moneys owed to it by the Bank of United States. Kane v. First National Bank, 56 F.(2d) 534, 537, 85 A. L. R. 362 (C. C. A. 5). Cf. also, In re Jarmulowsky (C. C A.) 249 F. 319, 321, 322, L. R. A. 1918E, 634.

This lien was superior to the plaintiff's right to its own checks when they were being dealt with in ordinary course. In other words, the plaintiff assumed not only the risk of the solvency of its chosen bank, the Bank of United States, but also its situation vis-à-vis other banks with whom it might deal in ordinary course of banking business without specific instructions from the plaintiff varying such course of business.

Thus the only possible theory of successfully tracing any res is ended when the res itself is swallowed up in the maw of the indebtedness of the Bank of United States to the Federal Reserve Bank of New York, its agent for collection and credit.

■■ IV. But even if I am wrong in the philosophy of the situation hereinabove set forth, as between the plaintiff and the defendants, the Bank of United States and Broderick, the situation here involved is res judicata by reason of the decision of In the Matter of Bickford's, Inc., v. Broderick, 234 App. Div. 417, 255 N. Y, S. 241, affirmed by the Court of Appeals without opinion, 259 N. Y. 630, 182 N. E. 211, wherein orders of the New York Supreme Court, New York county, impressing trusts on the proceeds of the same checks as are here involved were reversed.

It seems to me that this decision also constitutes an insurmountable obstacle to the maintenance of any action against the Federal Reserve Bank of New York. For surely, if there be no ground for impressing a trust on the proceeds of these checks in the hands of the plaintiff's own bank wherein he deposited them for collection and credit, he could not reach over the only bank with which he was in privity, and impress a trust on funds of another bank with which he was not in privity.

To create the necessary equitable nexus between a cestui and the trust res which is his objective, there must be an unbroken

equitable path leading from the cestui to the res. Here the first bridge is down.

Furthermore, I find the theory of this situation just outlined is confirmed by the law of res judicata, for the scope of the estoppel under the doctrine of res judicata covers the agent as well as the principal, if the issue to be tried is identic as against both. Bailey v. Sundberg (C. C. A.) 49 F. 583, 586, 587; Emery v. Fowler, 39 Me. 329, 331, 332, 63 Am. Dec. 627. Cf. also, Williford v. Kansas City, M. & B. R. Co. (C. C.) 154 F. 514, 516; Emma Silver Mining Co. (Ltd.) v. Emma Silver Mining Co. of N. Y. et al., 7 F. 401, 408 (C. C. A. 2).

V. All questions as to whether there was created here a constructive trust in the plaintiff's favor by reason of the insolvent condition of the Bank of United States at the time when the plaintiff made his deposit of checks with that bank or at any other time before it was taken over by the defendant Broderick is foreclosed against the plaintiff by the decision hereinbefore mentioned. In the Matter of Bickford's, Inc., v. Broderick, 234 App. Div. 417, 255 N. Y. S. 241, affirmed 259 N. Y. 630, 182 N. E. 211.

VI. I do not give the plaintiff leave to amend, for I believe he cannot by means of any amendment escape from the facts of the situation or from the estoppel of the state court order to which I have referred. To allow amendment here would therefore be merely procedural procrastination as to a situation which really can only be tested again by an appeal herein. Cf. Welch v. T. W. Warner Co. (D. C.) 47 F.(2d) 231, affirmed 47 F.(2d) 232, 235 (C. C. A. 2).

Settle decree on notice.