RECONSTRUCTION FINANCE CORPORATION, a corporation, Plaintiff,

v.

The FIRST NATIONAL BANK OF CODY, a corporation; Cody Realty and Finance Company, a partnership; Cody Finance Corporation, a corporation; Cody Finance Company, a co-partnership; Motor Sales Company, a corporation; Ernest J. Goppert; F. F. McGee; Jerry Housel; A. F. Leggett and Edna Leggett, Defendants.

Civ. No. 3678.

United States District Court
D. Wyoming.
May 13, 1955.

400

Ellery, Gray & Hickey, Cheyenne, Wyo., for plaintiff.

J. D. Fitzstephens, Goppert & Fitzstephens, Cody, Wyo., for defendants First Nat. Bank of Cody, Cody Realty & Finance Co., Cody Finance Corp., Cody Finance Co. and Ernest J. Goppert.

Alfred Pence, Pence & Millett, Laramie, Wyo., for defendant F. F. McGee.

Hazel B. Kerper, Kerper & Kerper, Cody, Wyo., for defendant Jerry Housel.

CHRISTENSON, District Judge.

■ This is an action brought by the Reconstruction Finance Corporation against various companies and certain of their officers, agents or directors, for alleged misrepresentation and fraud whereby plaintiff was induced, as allegedly planned in a conspiracy among the defendants, to make loans to Motor Sales Company, a corporation, to the substantial damage of plaintiff. Each of the defendants (except Motor Sales Company and the Leggetts) has moved for summary judgment. The question is whether as to any of them, in view of the pleadings and affidavits on file and the matters of record referred to therein, there are no material issues of fact, so that a judgment of no cause of action should be entered as a matter of law. Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A.

The material before me is voluminous, consisting of extensive pleadings, affidavits with numerous supporting documents, the files in several other cases, criminal and civil, and a transcript of the evidence taken in one of the criminal cases. A summary thereof would unduly extend this decision. I considered it necessary for my own understanding, however, to abstract the entire record. Such an abstract is filed as an addendum to this opinion and may be referred to for details of the controlling facts as I consider them to be. Therefore, no detailed statement of the factual basis of this opinion will be stated here.

The motions of the respective defendants for summary judgments are on substantially the same grounds except that the motion on behalf of Jerry Housel contains an additional assignment that the pleadings and affidavits show that the defendant Housel made no representations, nor was he a party to any, and that no representations were communicated to the plaintiff, nor relied upon by it, and therefore, no genuine issue of fact exists and defendant is entitled to judgment as a matter of law.

The other grounds in support of the motions for summary judgment are:

1. Any claim of the plaintiff is barred by Rule 13 of the Federal Rules of Civil Procedure (relating to compulsory counterclaims).

2. Judgments rendered in civil action No. 3382, Reconstruction Finance Corporation, Plaintiff, v. Motor Sales Company, A. F. Leggett, Edna Leggett, Cody Finance Company, Cody Finance Corporation, The First National Bank of Cody, Husky Oil Company, L. & L. Investment Company, Agnes E. Linton, Allen M. Smith, Henry Sayles, Jr. (the three persons last named being the special administrators of the estate of Henry Sayles, deceased), James W. Cordner and H. S. Tippetts, Defendants, and in civil action No. 3383 [D.C., 116 F.Supp. 700, affirmed 10 Cir., 214 F.2d 695], Cody Finance Company, Cody Finance Corporation, James W. Cordner, The First National Bank of Cody and Husky Oil Company, Plaintiffs, v. A. F. Leggett, Edna P. Leggett, Motor Sales Company and James N. Ray, Defendants, and which all parties stipulated could be deemed judicially noticed by the Court, are a bar.

3. Plaintiff made its own independent investigation and did not rely upon, nor was it misled by, any representations of the defendants.

4. As to all matters occurring prior to February 3, 1950, when application for the loan in question was rejected by plaintiff, and thereafter, no act or representation by any of the defendants was a proximate cause of any loss sustained by plaintiff.

5. As to all matters pertaining to the granting of the first loan to Motor Sales Company in the sum of $50,000 approved June 3, 1949, as said loan was paid in full March 28, 1950, plaintiff sustained no loss as a result of such first loan.

■ The purpose of a summary judgment is to permit expeditious disposal of cases where pleadings do not present any substantial question for determination, or where formal allegations of fact therein contained may be pierced because flimsy or transparent, and it appears from the uncontroverted record that there are no genuine issues for trial. Schreffler v. Bowles, 10 Cir., 1946, 153 F.2d 1, certiorari denied 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640; Brooks v. Utah Power & Light Co., 10 Cir., 1945, 151 F.2d 514; Zampos v. United Smelting, Refining & Mining Co. (Anderson v. United Smelting, Refining & Mining Co.), 10 Cir., 1953, 206 F.2d 171; Berger v. Brannan, 10 Cir., 1949, 172 F.2d 241, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746; Note, 22 A.L.R.2d 609; Avrick v. Rockmont Envelope Co., 10 Cir., 1946, 155 F.2d 568.

■■ On the other hand, a motion for summary judgment is no substitute for a trial where there are substantial issues of fact raised in good faith as to any party, a resolution of which might preclude judgment in favor of the movant. SMS Manufacturing Co., Inc., v. U. S.-Mengel Plywoods, Inc., 10 Cir., 1955, 219 F.2d 606; United States v. Sinclair Refining Co., 10 Cir., 1942, 126 F.2d 827; Johnson v. State Farm Life Ins. Co., 10 Cir., 1949, 176 F.2d 83, 36 A.L.R.2d 883; Broderick Wood Products Co. v. United States, 10 Cir., 1952, 195 F.2d 433; Avrick v. Rockmont Envelope Co., supra; National Surety Corporation v. Rollins, D.C.Del., 1954, 16 F.R.D. 530. In the latter event, it would seem improper for the Court on motion for summary judgment, no matter how persuasive the evidence might then appear to be one way or another, to anticipate the degree of such persuasiveness. Parties are entitled to something more than trial by anticipation so long as they desire to present evidence on genuine issues properly reserved in good faith. See Esquire, Inc., v. Varga Enterprises, Inc., 7 Cir., 1950, 185 F.2d 14, 22 A.L.R.2d 633.

It is necessary now to examine the matters before the Court in the light of these rules. The contentions made in the motions for summary judgment common to all of the defendants will be considered in the order above stated. The separate ground advanced by Jerry Housel will be considered as to him in connection with the other grounds.

Is plaintiff's claim barred by an application of Fed.Rules Civ.Proc. rule 13, 28 U.S.C.A.? Subsection (a) thereof provides:

"Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

It is the first contention of the defendants that the present claim of Reconstruction Finance Corporation was a compulsory counterclaim, and therefore should have been interposed, in civil action 3383 D.C., 116 F.Supp. 700, and that not being so interposed, it is now barred. There is no doubt that if, indeed, the claim were compulsory within the contemplation of Rule 13(a), it cannot now be maintained as to any party against whom Reconstruction Finance Corporation was bound to interpose it in the prior action. Audi Vision, Inc., v. RCA Mfg. Co., Inc., 2 Cir., 1943, 136 F.2d 621, 147 A.L.R. 574; Lesnik v. Public Industrials Corporation (Davison et al., Third-Party Defendants), 2 Cir., 1944, 144 F.2d 968; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 1940, 115 F.2d 45, affirmed 120 F.2d 959, certiorari denied 314 U.S. 666, 62 S.Ct. 127,

86 L.Ed. 533, 22 A.L.R.2d 627; Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C.N.D.Cal.S.D., 1941, 42 F.Supp. 340; 22 A.L.R.2d 627; Rosenthal v. Fowler, D.C.S.D.N.Y., 1952, 12 F.R.D. 388; 3 Moore's Federal Practice, 2d Ed., p. 27; Ibid. p. 6 of 1954 Supplement.

■ The suit in civil action 3383, insofar as it related to the subject matter of the present action, involved an attempted foreclosure by Cody Finance Company of its lien against assets of Motor Sales Company to which Reconstruction Finance Corporation claimed an interest. The present claims of Reconstruction Finance Corporation are that Cody Finance Company and the other defendants entered into a conspiracy to wrongfully induce Reconstruction Finance Corporation by means of misrepresentations and concealments to make loans to Motor Sales Company. Among the acts claimed to have been committed pursuant to such conspiracy were the representations that Reconstruction Finance Corporation's security was good, whereas the other defendants actually participated with Cody Finance Company in wrongfully obtaining for the latter an antagonistic lien which was involved in civil action 3383.

■ Whether claims arise out of the same transactions or occurrences depend upon their logical relevancy. In my opinion, the present claim of plaintiff herein did, in fact, arise out of a transaction or occurrence that was the subject matter of the claim of Cody Finance Company against the Reconstruction Finance Corporation in civil cause 3383. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; American Mills Co. v. American Surety Co. of New York, 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Hancock Oil Co. v. Universal Oil Products Co., supra; Lesnik v. Public Industrials Corporation (Davison et al., Third-Party Defendants), supra; Rosenthal v. Fowler, supra; Gallahar v. George A. Rheman Co., Inc., D.C.S.D.Ga., 1943, 50 F.Supp.

655; Douglas v. Wisconsin Alumni Research Foundation, D.C.N.D.Ill., 1948, 81 F.Supp. 167; 3 Moore's Federal Practice, (2d Ed., p. 30, para. 13.13. See also Pomeroy on Code Remedies, 4th Ed., pp. 901–906, §§ 649–652 and Xenia Branch Bank v. Lee, 7 Abb.Pr. 372, which is discussed there in section 649 and which throws light on the historical development of the concept implicit in the present Federal rule.

Upon first considering this question, I was inclined to believe that plaintiff's claim had not then matured or accrued and thus was not a compulsory counterclaim at that time, on the theory that an essential element of a cause of action for deceit or fraud is the actual accrual of damages. See 3 Moore's Federal Practice, 2d Ed., 1954 Supplement, p. 15, para. 13.32. Reconstruction Finance Corporation contends with some force that at the time it filed its answer, it was not known what, if any, damages it would suffer since this, in a sense, depended on the outcome of such litigation. Cyclotherm Corporation v. Miller, D.C.W.D.Pa., 1951, 11 F.R.D. 88; Union Nat. Bank of Youngstown, Ohio v. Universal-Cyclops Steel Corp., D.C.W.D.Pa., 1952, 103 F. Supp. 719; Fidelity & Casualty Co. of New York v. Coffelt, D.C.S.D.Iowa, 1951, 11 F.R.D. 443; Goodyear Tire & Rubber Co. v. Marbon Corporation, D.C.Del., 1940, 32 F.Supp. 279.

■ A consideration of the full record leads me to believe that while the amount of the damage may not have been determinable, it was reasonably certain that some damage or loss would be suffered by Reconstruction Finance Corporation as a result of its making the loans in question. I place my determination on another ground, however, and that is that the accrual of legal damage was not delayed until an ascertainable loss was suffered by reason of failure to effect re-payment of the full amounts of the loans. Legal damage accrued, if at all, when by reason of the fraud of the defendants, plaintiff was wrongfully in-

duced to make loans which would not have been made were it not for such fraud. United States v. Dunn, 268 U.S. 121, 45 S.Ct. 451, 69 L.Ed. 876; Lesnik v. Public Industrials Corporation (Davison et al., Third-Party Defendants), supra; Sloan v. Hart, 150 N.C. 269, 63 S.E. 1037, 21 L.R.A.,N.S., 239; McConkey Realty Corporation v. Wildermuth, 214 App.Div. 395, 212 N.Y.S. 216; Cooke v. Colman, 150 Misc. 294, 269 N.Y.S. 21; Wright v. Noyes, 80 N.H. 172, 115 A. 273; Briggs v. Brushaber, 43 Mich. 330, 5 N.W. 383, 38 Am.R. 187; Stephens v. Wheeler, 193 Wis. 164, 213 N.W. 464; Bridenstine v. Gerlinger Motorcar Co., 86 Or. 411, 168 P. 73, affirmed 86 Or. 411, 168 P. 922; Bradford v. Neill, 46 Minn. 347, 49 N.W. 193; 37 C.J.S., Fraud, §§ 41F, 71, pp. 295, 367.

Since there was no other action pending involving the same claim at the time Reconstruction Finance Corporation filed its answer in civil action 3383 and since Reconstruction Finance Corporation concedes that there were no parties essential for the interposition of its claim of which the Court could not then have obtained jurisdiction, it appears that all indicia of a compulsory counterclaim are present.

It does not follow, however, that all of the defendants can take advantage of plaintiff's failure to interpose a counterclaim. Due regard must be had for the language of Fed.Rules Civ.Proc. rule 13(a), 28 U.S.C.A., providing that to be compulsory, the claim must arise out of a transaction or occurrence that is the subject matter *of the opposing party's claim.* The transaction to which plaintiff's present claim relates was the transaction involved in the claim of Cody Finance Company. There was nothing involved in the claims of any other parties plaintiff in civil cause 3383 which arose out of the same transaction that plaintiff's present claim arises out of. As far as the record discloses, the claims of the First National Bank of Cody, Cody Finance Corporation, Husky Oil Company or James W. Cordner, the other

plaintiffs in the prior action, did not arise out of the same transaction. True, the claims of these other defendants touched upon the right of Reconstruction Finance Corporation to realize upon certain security obtained in connection with the two loans now in question. Such connection, however, is remote to any assertion of conspiracy or any assertion of misrepresentation or concealment pursuant to a conspiracy or otherwise. The requisite legal relevancy is not present as to the other parties. Merely because they joined with Cody Finance Company in asserting independent claims in the same action does not mean that they can be deemed in privity so as to reap benefit from the obligation of Reconstruction Finance Corporation to interpose a counterclaim against Cody Finance Company.

Moreover, Cody Realty and Finance Company, Ernest J. Goppert, F. F. McGee and Jerry Housel were not parties to civil action 3383. There was no obligation of Reconstruction Finance Corporation to interpose a counterclaim against these latter interests, as the rule relied upon by the defendants is limited in its application to claims "the pleader has against any opposing party". I cannot accept the argument that since they were within the jurisdiction of the Court and the Court had power to bring them in, the result as to them should be the same as if they were parties. They were not parties indispensable to a determination of the validity of Cody Finance Company's claim against Reconstruction Finance Corporation with regard to the accounts and notes receivable and they were not indispensable parties with respect to Reconstruction Finance Corporation's claim against Cody Finance Company involving fraud. At most, these other defendants were merely joint tort-feasors, not being able to plead in bar in the present action a determination in another case in favor of another jointly and severally liable with them. See Lewis v. Ingram, 10 Cir., 1932, 57

F.2d 463, certiorari denied 287 U.S. 614, 53 S.Ct. 16, 77 L.Ed. 533; Restatement of the Law, Vol. 4, Torts, p. 458 et seq., § 884. Even though they were indispensable parties, the failure to bring them into the case would not extend the favorable application of the rule to them since the bar, in my opinion, would operate by the terms of the rule only in favor of an existing party against whom the counterclaim should have been interposed.

Thus, I am of the opinion that the failure to allege the compulsory counterclaim in the prior suit now operates as a bar in the present action in favor of Cody Finance Company, but does not bar the prosecution of the present action as against any of the other defendants.

Were the judgments in civil cases 3382 and 3383 res judicata as to any or all defendants and as to any determinative issues in this case?

 A final judgment of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation and constitutes a bar to any action upon the same cause of action either before the same or any other tribunal. Clegg v. United States, 10 Cir., 1940, 112 F.2d 886. Where the second suit between the same parties or their privies is on the same cause of action, a final judgment in the prior action is conclusive both as to all matters that were actually litigated and as to every issue, claim or defense which might have been presented; but where the later suit is one on a different cause of action than the prior suit, the judgment in the prior suit operates as an estoppel only in respect to issues actually litigated and determined. City of New Orleans v. Citizens' Bank of Louisiana, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; First National Bank in Wichita v. Luther, 10 Cir., 1954, 217 F.2d 262; Eller v. Paul Revere Life Ins. Co., 8 Cir., 1943, 138 F.2d 403, 149 A.L.R. 1191; Lee v. Ryzek, 103 Wash. 622, 175 P. 297;

Lane v. Rushmore, 123 N.J.Eq., 531, 198 A. 872, affirmed 125 N.J.Eq. 310, 4 A.2d 55, certiorari denied 307 U.S. 636, 59 S.Ct. 1033, 83 L.Ed. 1518.

 The bar in favor of parties extends also to those in privity with them and those occupying analogous positions, particularly where the liability of the principal as determined in the former action is derivative through an agent or other representative seeking to assert the bar. United States v. Baltimore & Ohio Railroad Co., 229 U.S. 244, 33 S.Ct. 850, 57 L.Ed. 1169; Lewis v. Ingram, supra; White v. Sinclair Prairie Oil Co., 10 Cir., 1944, 139 F.2d 103, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1588; Kortz v. Guardian Life Ins. Co. of America, 10 Cir., 1944, 144 F.2d 676, certiorari denied 323 U.S. 728, 65 S.Ct. 63, 89 L.Ed. 584; Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 1907, 158 F. 63; King v. Stuart Motor Co. (Same v. Nelms), D.C.N.D.Ga., 1943, 52 F.Supp. 727, 23 A.L.R.2d 727; Prichard v. Nelson, D.C.W.D.Va., 1942, 55 F.Supp. 506, affirmed 4 Cir., 137 F.2d 312; Bickford's, Inc., v. Federal Reserve Bank of New York, D.C.S.D.N.Y., 1934, 6 F.Supp. 928; United States v. Ben Grunstein & Sons Co., D.C.D.N.J., 1955, 127 F.Supp. 907; Hall Oil Co. v. Barquin, 33 Wyo. 92, 237 P. 255; Brown v. Missouri Pac. Ry. Co., 96 Mo.App. 164, 70 S.W. 527; Lane v. Rushmore, supra; Vukelic v. Upper Third Street Savings & Loan Ass'n, 222 Wis. 568, 269 N.W. 273; 50 C.J.S., Judgments, §§ 788, 807, pp. 324, 352.

 The judgment in civil cause 3383 determining that Cody Finance Company took the accounts and notes receivable involved in that, and the present, suit in good faith and without notice of any prior claims of the Reconstruction Finance Corporation thereto, forecloses me from here determining otherwise. Such a finding in the present suit necessarily litigated the corollary proposition that having no notice of the claims of the Reconstruction Finance Corporation in

and to the accounts and notes receivable, the Cody Finance Company was not a party to any conspiracy which had as its specific object the diversion or withholding of such notes and accounts receivable from the Reconstruction Finance Corporation. Implicit in this finding is one to the effect that Jerry Housel and Ernest J. Goppert, the agents of Cody Finance Company in connection with the accounts and notes receivable were also without notice of the equities of the Reconstruction Finance Corporation and were not parties to any conspiracy as it may have specifically related to any wrongful subordination of plaintiff's lien on the accounts and notes receivable to the lien of Cody Finance Company.

Cody Finance Corporation appears to have been drawn into the case largely because of its relationship with Cody Finance Company through their common manager, Ernest J. Goppert. It does not appear that Mr. Housel had any connection with the alleged conspiracy until after the notes and accounts receivable were assigned to the plaintiff, and the same is more or less true as to Cody Finance Company and Cody Finance Corporation. In any event, no real issue remains in view of the entire record concerning these parties. Summary judgment of no cause of action should be, and it is hereby, entered in favor of Cody Finance Company, Cody Finance Corporation and Jerry Housel. At the last oral argument, plaintiff substantially conceded the propriety of this disposition, although not necessarily for the reasons I have given.

Does the foregoing disposition, or the reasons justifying it, authorize a similar judgment in favor of any other defendant? To determine this, we must decide what was the perimeter of that decision and whether all remaining issues concerning the other defendants are within that perimeter.

It was determined in civil cause 3383 that the right and title to the accounts and notes receivable and to the proceeds thereof were in the Cody Finance Company and not plaintiff; that the Cody Finance Company had no knowledge or constructive notice of the Reconstruction Finance Corporation's blank assignment of notes and accounts receivable; that the Cody Finance Company, through its agents, made such diligent search as a reasonable person would have done under the circumstances, including inquiry of the First National Bank of Cody to determine if the notes and accounts receivable were encumbered, and found no encumbrances thereon; and that there was no fraud nor gross negligence on the part of Cody Finance Company in connection with the accounts and notes receivable which prevented it from being a bona fide purchaser for value and without actual or constructive notice of any claim of Reconstruction Finance Corporation.

These things were finally determined between the Cody Finance Company and its privies on the one hand, and Reconstruction Finance Corporation on the other, by the judgment in civil cause 3383. Granted, that at least Ernest J. Goppert was in privity with Cody Finance Company, in addition to Jerry Housel and Cody Finance Corporation, as concerns the essential holding of the decree, the decree did not go beyond what has been indicated. It did not determine that the defendants did not conspire among themselves originally to induce the Reconstruction Finance Corporation to make the loans in question; it did not determine that they did not make the charged representations or participate in the claimed concealments (at least exclusive of those relating to the accounts and notes receivable); it did not determine that the defendant bank and defendant McGee did not participate in such conspiracy, representations and concealments, both as they were originally made and as they later are alleged

to have related to the notes and accounts receivable.

Estoppels may not be extended beyond their reason and justification. The primary charges concerning First National Bank of Cody and Messrs. McGee and Goppert relate to matters arising before, and separate from, the accounts and notes receivable transaction. Even as to the latter, First National Bank of Cody and Mr. McGee in no sense were in privity with Cody Finance Company. Nor is there a sufficient identity of issues to make the former case a bar.

I conclude that the judgment in civil cause 3383 is not res judicata on all of the determinative issues here as between Reconstruction Finance Corporation and Ernest J. Goppert, and that it is not determinative as to any issues herein involved as between Reconstruction Finance Corporation, and First National Bank of Cody and F. F. McGee. In addition to the foregoing reasons for this conclusion, I cite the following cases which, while not squarely in point, support it from one viewpoint or another in principle. Mercoid Corporation v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Troxell v. Delaware, Lackawanna & Western Railroad Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Southern Pac. Co. v. Bogert, 1919, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099; First National Bank in Wichita v. Luther, supra; Lewis v. Ingram, supra; Kortz v. Guardian Life Ins. Co. of America, supra; Pittsburgh Terminal Coal Corporation v. Williams, 3 Cir., 1934, 70 F.2d 65, certiorari denied Pittsburgh Terminal Corp. v. Bennett, 293 U.S. 617, 55 S.Ct. 149, 79 L.Ed. 705; United States v. Standard Spring Mfg. Co., D.C.Minn.1927, 23 F.2d 495; United States v. Ben Grunstein & Sons Co., supra; Your Food Stores of Santa Fe, Inc., v. Retail Clerks' Local No. 1564, D.C.N.M.1954, 124 F.Supp. 697; Harvey Coal Corporation v. United States, 1940, 92 Ct.Cl. 186, 35 F.Supp. 756.

The third ground of the motion of the defendants is that plaintiff made its own independent investigation and did not rely upon, nor was it misled by, any representation of the defendants. Its fourth ground is related thereto, it being alleged that as to all matters occurring prior to February 3, 1950, when the application for the second loan was rejected by the plaintiff after its own investigation and also as to all matters thereafter, no act or representation by any of the defendants was a proximate cause of any loss suffered by plaintiff.

It is my opinion that these matters must be determined on the evidence and not by summary judgment. The record before the Court, including the documents attached to Mr. Goppert's affidavits, seems quite persuasive, particularly concerning the second loan, that Reconstruction Finance Corporation made its own investigation and initially decided against granting the loan on the basis of that examination. It seems likely that the subsequent approval was not due primarily to any further representations except for the claimed promises of First National Bank of Cody concerning the notes and accounts receivable, for which Goppert cannot be held responsible. But there is in the record no conclusive negation of plaintiff's contention that the conspiracy and the continuing representations and concealments in connection therewith influenced the granting of both loans.

This action is essentially one for fraud and deceit. In order that there be a cause of action, it is essential to show that reliance was had by plaintiff upon the alleged representations. When a party acts solely upon his own investigation, there is no reliance. Shappirio v. Goldberg, 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419; United States v. City of Brookhaven, 5 Cir., 1943, 134 F.2d 442; E. J. Albrecht Co. v. New Amsterdam Casualty Co., 7 Cir., 1947, 163 F.2d 16;

City of Del Rio v. Ulen Contracting Corporation, 5 Cir., 1938, 94 F.2d 701; Meagher v. Uintah Gas Co., Utah, 1953, 255 P.2d 989; 37 C.J.S., Fraud, § 37, pp. 284–285. It is true, also, that a person urging fraud is generally charged with the knowledge of facts both in his possession and which inquiry and reasonable diligence would have revealed. Morse General Tires, Inc., v. General Tire & Rubber Co., D.C.W.D.Okl., 1954, 128 F. Supp. 74; Carpenter v. Hamilton, 18 Cal.App.2d 69, 62 P.2d 1397. Related to these propositions is that in order to constitute actionable fraud or deceit, the misrepresentations must have been the proximate cause of injury. Boatmen's Nat. Co. v. M. W. Elkins & Co., Inc., 8 Cir., 1933, 63 F.2d 214; Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 1938, 96 F.2d 597; Standard Surety & Casualty Co. of New York v. Plantsville Nat. Bank, 2 Cir., 1946, 158 F.2d 422, certiorari denied 331 U.S. 812, 67 S.Ct. 1203, 91 L.Ed. 1831.

However, there is the specific claim of reliance made by the Reconstruction Finance Corporation and in the voluminous record there are facts and circumstances which prevent me from saying that such claim is not made in good faith or that reasonable minds could not differ in believing that no reliance was justifiably placed in the claimed representations of the defendants.

The real inquiry is whether the plaintiff was induced to loan money to Motor Sales Company as a proximate result of false representations made to it, or fraudulent concealment practiced upon it by the defendants concerning the financial situation of Motor Sales Company. See Murray v. Lamb, 174 Or. 239, 148 P.2d 797, 32 A.L.R.2d 191. Where inquiry or investigation fails to reveal the whole truth because of deliberate artifice of the speaker, or because the facts were primarily within the knowledge of the speaker and difficult for the hearer to ascertain, a cause of action for fraud may be present. 37 C.J.S., Fraud, § 37(b), p. 286. And a representation or concealment need not have been the sole cause of plaintiff's action but it is sufficient if it constitutes one of several inducements, and asserted a material influence. 37 C.J.S., Fraud, § 39, p. 287. I do not believe that I can say as a matter of law on the present record before me that there was no fraudulent representation or concealment, or that there was no substantial reliance thereon, nor do I believe that the evidence is conclusive that the alleged fraud of the said defendants proximately caused plaintiff no legal injury.

The final contention of the defendants is that as to all matters pertaining to the granting of the first loan to Motor Sales Company in the sum of $50,000 approved June 3, 1949, the plaintiff can claim no loss, as such loan was paid in full in March, 1950. The record shows that the first loan was, indeed, paid with proceeds from the second loan. Defendants argue that this was an absolute, rather than a conditional, payment. However, it is alleged, and there is some real basis in the record for the contention, that both loans were the result of a general conspiracy in the course of which, and pursuant to which, both were obtained. It would seem that the payment of one should not necessarily close recovery for the net result of the overall plan, provided that there is no waiver or estoppel operating against the plaintiff by virtue of the special circumstances of the payment. Whether there is under all of the facts and circumstances can best be determined after hearing the evidence.

With due regard to the differences between criminal conspiracy and a civil action for deceit allegedly pursuant to a conspiracy, it is still possible that the doctrine of Rose v. St. Clair, D.C.W.D.

Va., 1928, 28 F.2d 189 and Hall v. United States, 10 Cir., 1940, 109 F.2d 976, applied by Judge Kennedy in ruling upon a related criminal case, will have some bearing in the present case when the particular conspiracy charged is considered in relation to the acts alleged to have been committed in carrying it out. At this stage, however, I cannot regard this line of cases as decisive in a civil action.

That the evidence may appear one-sided, or that it may seem upon fragmentary presentation or partial consideration unlikely that a case can be made out against the remaining defendants, does not authorize the foreclosure of plaintiff's further efforts so to do on the merits. This result would be justified only if it could be determined at this point that there are no genuine issues for trial. I cannot say that there are no such genuine issues as between the Reconstruction Finance Corporation and the defendants, the First National Bank of Cody, Cody Realty & Finance Company, F. F. McGee and Ernest J. Goppert. The comments of Judge Murrah in the case of Avrick v. Rockmont Envelope Co., supra, 155 F.2d at page 573 are appropriate:

"An expeditious disposition of cases is a cardinal virtue of the administration of justice, but it is not more important than one's fundamental right to his full day in court. In cases of this kind where no single factor controls the equation, and the court is necessarily required to resolve the question of alleged intent in arriving at its judgment, we are of the opinion that justice can best be served by a trial of the question on its merits."

The motion for summary judgment in favor of the Cody Finance Company, Cody Finance Corporation and Jerry Housel is granted; the motion made on behalf of First National Bank of Cody, Cody Realty & Finance Company, Ernest J. Goppert and F. F. McGee is denied.